HORACE INGERSOLL, Appellant, *v.* JOHN W. MANGAM. JOHN J. COGER, Purchaser, Respondent.

Under the Code of Civil Procedure (§ 426), to constitute a personal service of a summons upon a defendant who is an infant under the age of fourteen, there must be a delivery of a copy of the summons, within the State, both to the infant and to his father, mother, guardian or other person specified ; service on the infant alone, or upon one of the persons specified, is not sufficient.

A guardian *ad litem* can only be regularly appointed for such a defendant after service of summons, personally or by the substituted mode of service prescribed.

An appearance, therefore, by one appointed guardian *ad litem* for an infant defendant who has not been served with summons is not a voluntary appearance of the defendant within the meaning of the provision of the Code (§ 424) which provides that such an appearance shall be equivalent to personal service of the summons.

In an action to foreclose a mortgage, one of the defendants, who owned an interest in the mortgaged premises, was an infant under the age of fourteen ; he resided with his mother in New Jersey. The summons was not served upon him, either personally or by publication, but was personally served upon his mother, in this State, who, after such service, upon her own application, was by order appointed a guardian *ad litem*, with authority to appear and defend in behalf of the infant, and she appeared and put in a general answer. Upon application to compel a purchaser at the sale under the judgment to complete his purchase, *held*, that the court had no jurisdiction over the infant defendant to appoint a guardian *ad*

*litem,* as said defendant had not been brought in, and the action had not been commenced as against him (Code, § 416); that an appearance by the guardian was not an appearance by the infant; that the judgment, therefore, was not binding upon him, the sale under it did not convey a good title, and the motion was properly denied.

*Gotendorf* v. *Goldschmidt* (83 N. Y. 110), distinguished.

(Argued March 15, 1881 ; decided March 25, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made February 15, 1881, reversing an order of Special Term which required John J. Coger, a purchaser upon sale under judgment herein, to complete his purchase. (Reported below, 24 Hun, 202.)

This action was brought to foreclose a mortgage. Judgment of foreclosure and sale was perfected, and upon the sale said Coger became the purchaser, but refused to complete his purchase. The ground of the refusal and the facts pertinent thereto appear in the opinion.

*John B. Perry* for appellant. The claim that a guardian *ad litem* could not be appointed without service of a summons upon the infant is untenable, and failure to make such service was not error, either as to jurisdiction or practice. (*Croghan* v. *Livingston,* 17 N. Y. 223 ; *Glover* v. *Hawes,* 19 Abb. Pr. 161 ; *Disbrow* v. *Folger,* 5 id. 53 ; *Varian* v. *Stevens,* 2 Duer, 635 ; Bouvier's Law Dict., title Guardian *ad litem ;* Tyler on Infancy, 206 ; *Grant* v. *Van Schoonhoven,* 9 Paige, 255 ; Code, § 426.) If an infant defendant is over fourteen he has the right to petition, though not served, being *sui juris* as to service ; and jurisdiction is complete when the guardian so appointed puts in an answer on behalf of the infant. (2 Crary's Special Proceedings, 1869, p. 110, note *a ; Disbrow* v. *Folger,* 5 Abb. Pr. 53 ; *Varian* v. *Stevens,* 2 Duer, 635 ; *Althouse* v. *Radde,* 3 Bosw. 410 ; *Croghan* v. *Livingston,* 17 N. Y. 218 ; *Rogers* v. *McLean,* 34 id. 536 ; *Bosworth* v. *Vanderwalker,* 53 id. 597 ; *Gotendorf* v. *Goldschmidt,* N. Y. Ct. of App., Alb. L. J., Feb. 5, 1881 ; *Borden* v. *Fitch,* 15 Johns. 121 ; 1 Barb. Ch. 86 ; *Heller* v. *Heller,* 6 How. Pr. 194.)

*S. M. & D. E. Meeker* for respondent.   Civil actions in courts of record of this State must be commenced by the service of a summons or by the voluntary appearance of the defendant.   (§§ 416, 424, 427, and chap. 5, title 1, art. 2, Code of Civil Procedure.)   With the single exception of actions in partition the above proposition is of universal application. (*Sandford* v. *White*, 56 N. Y. 359; *Hewlett* v. *Wood*, 62 id. 75; *Althouse* v. *Radde*, 3 Bosw. 410; *Disbrow* v. *Folger*, 5 Abb. 53; *Rogers* v. *McLean*, 34 N. Y. 536; *Gotendorf* v. *Goldschmidt*, 11 Weekly Dig. 395; 22 Alb. L. J. 114; *Fisher* v. *Stilson*, 9 Abb. 33; *Lathers* v. *Van Epps*, 4 Lans. 213.) In all actions, save partition, the provisions of the Code of Civil Procedure apply, and an infant must be served with process in order that the court may obtain jurisdiction of his person.   (*Glover* v. *Hawes*, note to *Parks* v. *Parks*, 19 Abb. 161; *Grant* v. *Van Schoonhoven*, 9 Paige, 255; *Ontario Bk.* v. *Strong*, 2 id. 301; *Cook* v. *Farren*, 34 Barb. 95; *Bosworth* v. *Vanderwalker*, 53 N. Y. 597.)

ANDREWS, J.   The purchaser objects to the title on the ground that the summons was not served on the infant, William Mangam.   The action was for the foreclosure of a mortgage executed by the father of the infant, who died before the commencement of the action.   The infant is under fourteen years of age and had an interest in the mortgaged premises, and resided, when the action was commenced, with his mother in New Jersey.   The summons was personally served on the mother in this State, and after such service, upon her application, she was, by an order of the court, appointed guardian *ad litem* of the infant defendant, and appeared and put in a general answer as such guardian.   The summons was not served on the infant, either personally or by publication, and if such service was necessary to give the court jurisdiction to render judgment foreclosing and barring the infant's interest in the premises, the title is defective and the purchaser should not be compelled to complete his purchase.

The Code enacts that a civil action is commenced by the

service of a summons (§ 416). Where the defendant is an
infant under fourteen years of age, it is declared, that personal
service must be made by delivering a copy of the summons
within this State to the infant, and also to his father,
mother, or guardian, or if there is none within the State,
to a person having the care or control of him, or with
whom he resides, or in whose service he is employed (§ 426).
Service on the infant alone, or on the father, mother, guard-
ian or other person mentioned alone, does not constitute a
personal service within the statute. Service upon both must
concur to answer its requirement. There was, therefore, no
personal service of the summons in this case, and there was no
attempt to serve by publication.

The Code also provides that a voluntary general appearance
of the defendant is equivalent to personal service of the sum-
mons (§ 424). It is claimed that the appearance · by the
guardian *ad litem* was a voluntary appearance by the infant
within this section. An infant must appear by guardian
(§ 471); but a guardian can only be regularly appointed for
an infant defendant after service of the summons personally
or by the substituted mode (in certain specified cases), as pre-
scribed. This is clearly implied by the language of the section
last cited. It provides that the guardian is to be appointed
upon the application of the infant, if he is of the age of four-
teen years and upwards, and applies within twenty days after
personal service of the summons, or after service thereof is
complete, if made in the other mode prescribed; or if he is
under that age, or neglects so to apply, upon the application of
any other party to the action, or of a relative or friend of the
infant. The application in both cases is to be made after the
personal or substituted service of the summons has been made.
The order for the appointment of the guardian *ad litem* in
this, case authorized the guardian appointed to appear and de-
fend the action in behalf of the infant; but the difficulty is,
that the order was unauthorized, because the court had no ju-
risdiction over the infant or to appoint a guardian *ad litem*
when the order was made, by reason of the fact that the infant

had not been brought in and the action had not been commenced against him by the service of the summons, which is the statutory mode by which the court acquires jurisdiction of the person or property of an infant. The appearance by the guardian was not, therefore, an appearance by the infant, and was not within section 424. The infant was incapable of consenting to such appearance, and the guardian could not consent to the exercise of jurisdiction over him by an appearance not preceded by the service of process. The question in this case was raised in *Bosworth* v. *Vandewalker* (53 N. Y. 597), but was not decided, the court holding that it did not appear that the infants had not been served, and in the absence of such proof, that it would be presumed that the court which rendered the judgment had jurisdiction. It was held by the chancellor in *Grant* v. *VanSchoonhoven* (9 Paige, 255), that to authorize the appointment of a guardian *ad litem* of infant defendants under the one hundred and forth-sixth rule in chancery, the petition must distinctly show that the infant had been served with process, or that he had been proceeded against as an absentee and an order obtained for his appearance under the statute. Infants are deemed to be wards of the court, and when brought in by service of process the court will look after and protect their interests. But the court must first acquire jurisdiction before they are bound by its judgment. There is no invariable rule defining what legal proceedings constitute due process of law conferring jurisdiction upon a court to deal with and bind the property of infants. Notice in some form, actual or constructive, is essential, but the legislature may prescribe that such notice shall be given to the parent, or guardian, or other person as representing the infant, and proceedings in conformity with he statute in such cases will be valid and the infant will be bound. Under the Revised Statutes, in proceedings, for partition of lands by petition, jurisdiction over the person and property of infants was acquired by the appointment of a guardian in the first instance, upon notice to such infants *or* to their general guardian. Service of notice upon the infants was not indis-

pensable to the exercise of the jurisdiction. (2 R. S. 317, § 2; *Croghan* v. *Livingston*, 17 N. Y. 218.) The provisions of the Revised Statutes relating to the partition of lands were, by section 448 of the Code of Procedure, made applicable to actions for partition, so far as the same could be applied to the substance and subject-matter of the action, without regard to form; and in *Gotendorf* v. *Goldschmidt* (83 N. Y. 110), it was held, that under the provisions of the Revised Statutes, and of the Code in force when that action was commenced, personal service of the summons upon an infant defendant, in an action for partition, was not essential to give the court jurisdiction. But this is an action for foreclosure, and is governed by the general rules applicable to other actions. The legislature has seen fit to prescribe that the summons shall be served on infant defendants. This was the mode defined by statute for acquiring jurisdiction over their persons and property. It is no answer to the objection that the statute has not been complied with in respect to the mode of service, that the infant is of such tender years that he would have derived no benefit from the service if made; or that it would have been competent for the legislature to have provided that service upon the parent or guardian should stand as service upon the infant. The statute has prescribed how jurisdiction shall be acquired, and courts cannot dispense with its observance

The order should be affirmed.

All concur, except RAPALLO, J., absent.

Order affirmed.