Lawrence, J.
—It was held by the court of appeals in Ingersoll v. Mangam (84 N. Y. 622), that to constitute a personal service of a summons upon a defendant who is an infant under the age of fourteen, there must be a delivery of a copy of the summons within the State, both to the infant and to his father, mother, guardian *101 or other person specified in section 426 of the Code of Civil Procedure, and that service on the infant alone, or upon one of the persons specified, was not sufficient.
It was also held that a guardian ad litem can only be regularly appointed for such a defendant after service of the summons personally or by the substituted mode of service prescribed, and that,, therefore, where an infant resided in New Jersey, and the summons was not served upon him either personally or by publication, but was personally served upon his mother in this State, who, after such service, upon her own application, was appointed guardian ad litem of the infant, the court had no jurisdiction to make such appointment, as the action had not been commenced against him ; and that the judgment was not binding upon him, and that the purchaser at a sale thereunder could not be compelled to complete his purchase.
In this case the infants were duly served by publication, and three of them are of the age of fourteen years and upwards, the remaining infant being of the age of twelve years. All the infants reside with their father at Irvington, in the State of New Jersey. It is alleged that no general or testamentary guardian or guardian ad litem has been appointed for either of them. Section 473 of the Code of Civil Procedure does not cover this case, because that section relates to the case of an infant defendant who resides within the State and is temporarily absent therefrom. Section 116 of the old Code of Procedure, for which section 473 of the Code of Civil Procedure is a substitute, contained a provision allowing the plaintiff to apply to the court, in the case of an infant defendant residing out of the State, for an order designating some suitable person to be the guardian for the infant defendant for the purposes of the action, unless such infant or some one in Ms behalf, within a number of days after service of a *102 copy of the order, &c., shall procure the appointment of a guardian for said infant. That portion of section 116 has not been retained in section 473 of the present Code, nor does it appear in sections 470 and 471, which, according to the notes of Mr. Throop, were partially taken from section 116 of the old Code.
But I think that this application can be granted under section 471 of the Code of Civil Procedure. That section provides that “an infant defendant must also appear by guardian, who must be a competent and responsible person, appointed upon the application of the infant, if he is of the age of fourteen years or upwards, and applies within twenty days after personal service of the summons, or after service thereof is complete, as prescribed in section 441 of this act; or, if he is under that age, or neglects so to apply, upon the application of any other party to the action, or of a relative or friend of the infant.” Section 471, however, contains no provision as to the notice to be given in cases of applications for the appointment of guardians ad litem of an infant who has neither a general or testamentary guardian, and who does not reside within this State, the provision of section 116 of the old Code having, as before stated, been omitted from the present Code. But as the court has obtained jurisdiction by the service of the infants by publication, I think that under section 471, as the infants have not appeared the plaintiff has a right to make this application, and that the court can prescribe—the defendants being in default—what, if any, notice should be given to the infants of such application, and that, therefore, the order applied for should be granted.