THEODORE C. SCHELL, Respondent, v. JACOB COHEN, Appellant.

*Mortgage foreclosure — guardian* ad litem *for infant defendant appointed* nisi, *without his consent thereto being acknowledged.*

In an action for the foreclosure of a mortgage, an infant party under fourteen years of age resided with his mother in the State of New York, but at the time of the commencement of the action was temporarily absent in the State of New Jersey. Upon proof of these facts the court made an order designating a guardian *ad litem nisi*, and directing personal service of such order upon the mother and that service be made upon the infant by mail, which service was accordingly duly made.

*Held,* that the court acquired jurisdiction thereby and the infant thereupon became its ward.

That the fact that the guardian so appointed never acknowledged a consent to become such guardian did not affect the validity of the proceeding in this case as it appeared that, at the time specified in the order *nisi*, the infant's mother applied for the appointment of another person as guardian *ad litem*.

That the fact that the consent to act of the guardian so appointed on the application of the mother, although produced, was not, at the time when the appointment was made acknowledged, did not invalidate the proceedings, as such acknowledgment was subsequently permitted by an order directing the acknowledgment to be made *nunc pro tunc*.

*Tobin* v. *Cary* (34 Hun, 432) followed.

Appeal by the defendant from a judgment entered after a trial at Special Term, in the office of the clerk of the county of New York, on the 5th day of June 1888, adjudging the defendant's title to certain lands in Macdougal street, in New York city, to be defective

and directing the repayment of the sum paid by plaintiff to defendant (upon the signing of the contract of purchase) together with the expense of examining the title to the lands, besides costs.

The action was brought to compel the defendant specifically to perform a contract to convey certain premises, or in case of his inability to do so for the damages resulting therefrom.

*Albert Matthews*, for the appellant.

*Gustave S. Drachman*, for the respondent.

BARRETT, J.:

The defendant's title came through a sale under a decree of foreclosure. The sole objection to this title is that the guardian *ad litem* for an infant defendant failed to acknowledge his consent to become such guardian. The infant was under fourteen years of age and he resided with his mother in this State. At the time of the commencement of the action he was temporarily absent from the State. His temporary abode was Old Bridge, New Jersey. Upon proof of these facts, the court made an order designating Jeff M. Levy guardian *ad litem nisi* and directing personal service of such order upon the mother. The court also directed service of the order upon the infant by depositing a copy thereof, properly inclosed in an envelope, with postage prepaid, in the post-office at the city of New York, directed to the infant at Old Bridge, New Jersey. This deposit was properly made upon the day when the order was granted, and within two days thereafter, personal service of the order was duly made upon the mother. Thereupon the court acquired jurisdiction and the infant became its ward.

The service of such an order (properly granted under section 473 of the Code of Civil Procedure), in the manner specially directed by the court, is equivalent, for the purpose of acquiring jurisdiction to appoint a guardian *ad litem*, to personal service of the summons upon a resident infant, who is not absent from the State, and his father, mother or guardian ; and is also equivalent, for the same purpose, to service by publication upon a non-resident infant. Service of process upon the infant is not constitutionally required in order to confer jurisdiction. ANDREWS, J., in *Ingersoll* v. *Mangam* (84 N. Y., 626), said that " there is no invariable rule defining what legal proceedings

constitute due process of law conferring jurisdiction upon a court to deal with and bind the property of infants. Notice in some form, actual or constructive, is essential, but the legislature may prescribe that such notice shall be given to the parent or guardian, or other person as representing the infant, *and proceedings in conformity with the statute in such cases will be valid, and the infant will be bound.*" This was a reaffirmation, in substance, of the rule stated in *Croghan* v. *Livingston* (17 N. Y., 218); *Gotendorf* v. *Goldschmidt* (83 id., 110), and in many other cases. The contention that jurisdiction was not acquired because of the fact that Levy never acknowledged a consent to become such guardian is without merit. Levy was not appointed a guardian *ad litem* for this infant, and, consequently, the provision of section 472 requiring the production of such *acknowledged* consent upon the making of the appointment is inapplicable. There was simply a designation of Levy to be such guardian *nisi*, and his actual appointment would not become operative unless the infant, or some one on his behalf, failed to procure the appointment of a guardian within the time specified in the order. If, in the case at bar, the infant, or some one on his behalf had so failed, then the question would have arisen whether Levy should not have acknowledged a consent before the designation *nisi* had ripened into an appointment. This is the only reasonable construction of the statute when an *appointment* is made; there is an application for some particular person, and that person is required to make his acknowledged consent a part of the motion papers. When, however, a designation is made *nisi*, the court exercises its discretion with regard to the person; and as the applicant does not know who the court will designate, he cannot well come fortified with an acknowledged consent; which consent, it will be observed, must be "produced to the court or judge making the appointment."

In *Ingersoll* v. *Mangam* (*supra*) the infant was a non-resident, and the summons was not served upon him either personally or by publication. The court held that there was no jurisdiction to appoint a guardian *ad litem*, for the reason *that the statute in such cases* had not been complied with. Here the infant *was a resident temporarily absent from the State*, and the statute in such cases *was* strictly com-

plied with. Jurisdiction having been acquired by compliance with the special directions of the court as to service of the order upon the infant and his mother, all subsequent irregularities were amendable. (*Rogers* v. *McLean*, 34 N. Y., 536; *Croghan* v. *Livingston*, *supra; Gribbon* v. *Freel*, 93 N. Y., 93; *Tobin* v. *Cary*, 34 Hun, 432.)

It appears that within the time specified in the order *nisi*, the infant's mother applied for the appointment of a guardian *ad litem*, and upon that application Mr. John E. Ward's consent to act was produced. This consent, by an inadvertence, was not then acknowledged, but the appointment was made. In my judgment this was not a jurisdictional defect, but at most, a mere irregularity. It was so held in *Croghan* v. *Livingston* (*supra*) with regard to the failure of a guardian *ad litem* in partition, to file the bond required by statute. (Opinion of PRATT, J., at p. 221.) In *Rogers* v. *McLean* (*supra*) an amendment to the petition upon which the guardian was appointed, to the effect that the infant was residing with the petitioner or was under his charge or custody when the petition was originally verified, was permitted *nunc pro tunc*, and this amendment was sustained by the Court of Appeals. In *Gribbon* v. *Freel* (93 N. Y., 93) it was held that the publication of a six instead of a ten-day summons in the Marine Court was not a jurisdictional defect, but only an irregularity, and that, as the court acquired jurisdiction by the granting of a provisional remedy, an order amending the summons *nunc pro tunc* was properly made. And in *Tobin* v. *Cary* (*supra*) the precise question here involved was decided adversely to the plaintiff's contention. The court there also held that the order, duly executed by inserting the acknowledgment in the record, removed all objections to the title, and the purchasers were required to complete.

The present objection seems especially trivial in view of the fact that the summons was served upon Mr. Ward the day after his appointment, and thereupon he duly acknowledged, before a notary public, personal service of such summons. He also interposed a verified answer. I have no doubt that the irregularity was completely cured by the order (made on consent of all parties who appeared in the foreclosure suit) of March 25, 1886, permitting the proper acknowledgment to be filed *nunc pro tunc*, and by the

execution of that order when the acknowledgment was filed and attached to the original consent and record.

The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to abide the event.

Daniels, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.