MATILDA A. SLOANE, as Executrix, etc., Respondent, *v.* WILLIAM R. H. MARTIN, Appellant.

Where the jurisdiction of a Federal court is invoked, with reference to real estate in which an infant has an interest, by proceedings *in rem*, or of that nature, service of process upon the infant is not essential to the attaching of the jurisdiction.

While in such a case the jurisdiction can only be exercised, upon notice to the parties interested, if they have notice in fact, any irregularity, although it may be reversible error, does not necessarily render the judgment void.

In an action for the specific performance of a contract between S., plaintiff's testator, and defendant for the purchase by the latter of certain lands to which the former claimed title under a sale by virtue of a judgment in equity of a U. S. Circuit Court, these facts appeared: The action in which said judgment was rendered was brought by judgment creditors of a partnership to reach the real estate, the title to which was in the name of one or more of the co-partners, but which plaintiff claimed belonged to and was held in trust for the firm. The infant children of G., a deceased member of the firm, were made a party, but were not personally served with process. In the action in which the creditors obtained their judgment an attachment was issued which was levied upon the land in question. The judgment asked in the equity suit was that the land be declared partnership property and that it be sold to pay plaintiff's judgment. A *lis pendens* was filed therein. On petition of the mother of the infants a guardian *ad litem* was appointed and a solicitor appeared for them. Judgment was rendered granting the relief sought. The purchaser on sale in pursuance thereof refused to take the title tendered, and on motion to compel him so to do the court held the title good. *Held*, that the decision, it not appearing that it was contrary to other decisions of the Federal courts, should be followed here; and so, that a judgment in favor of plaintiff was proper.

*Woolridge* v. *McKenna* (8 Fed. Rep. 650); *Bank of U. S.* v. *Ritchie* (8 Pet. 128); *O'Hara* v. *MacConnell* (93 U. S. 150); *N. Y. Life Ins. Co.* v. *Bangs* (103 U. S. 435), distinguished.

Reported below, 77 Hun, 249.

(Argued March 14, 1895; decided April 9, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of March, 1894, which affirmed a final and an interlocutory judgment in favor of plaintiff entered upon the report of a referee.

This was an action for the specific performance of a contract for the purchase of real estate, and arose out of defendant's refusal to complete his purchase on the ground that the title was not good and marketable, George Sloane, plaintiff's testator, having derived title to the larger part of the premises in question through a judicial sale under a decree of the Circuit Court of the United States for the southern district of New York in an action in equity wherein certain infants were defendants. The defect claimed was that said infants were

not served with process. On petition of their mother a guardian *ad litem* for the infants was appointed and a solicitor appeared for them.

The further material facts in reference thereto are stated in the opinion.

*William G. Choate* for appellant. Under the laws of the United States, as they existed in 1868, the court could not acquire jurisdiction over the persons of the infants without service upon them in the mode prescribed by the equity rules of the Supreme Court of the subpœna issued upon the complainant's bill. (*Ingersoll* v. *Mangam*, 84 N. Y. 622; Code Civ. Pro. §§ 424, 426, 471; *Seymour* v. *P. Co.*, 7 Biss. 460; *Story* v. *Livingston*, 13 Pet. 368; *Cameron* v. *McRoberts*, 3 Wheat. 591; *Shields* v. *Barrows*, 17 How. 130; *Russell* v. *Clark*, 7 Cranch, 98; *R. Co.* v. *McBride*, 141 U. S. 131.) An infant of four years of age cannot enter a voluntary appearance by an attorney or solicitor, and it cannot, therefore, be held in this case that the proceeding here questioned derives any force or validity from the appearance of Mr. Lane as solicitor for the infants, which preceded the petition of the mother for the appointment of a guardian *ad litem*. (*Cookson* v. *Lee*, 15 Sim. 303; *Wood* v. *Longsden*, 9 Hare App. 26; *Lloyd* v. *Rossmore*, 9 Irish Rep. [Eq.] 488; *Foxtwist* v. *Tremaine*, 2 Saund. 212; *Bird* v. *Pegg*, 5 B. & A. 418; *Colt* v. *Colt*, 111 U. S. 578; *Sliver* v. *Shelbach*, 1 Dall. 165; *Bryan* v. *Kennett*, 113 U. S. 196; *Robinson* v. *Fair*, 128 id. 53; *Ingersoll* v. *Mangam*, 84 N. Y. 622.) The mother had no authority to enter an appearance for the infants or to authorize a solicitor to enter such appearance and thereby give the court jurisdiction. (*Greenman* v. *Harvey*, 53 Ill. 386; *Dickson* v. *Dickson*, 124 id. 483; *Crocker* v. *Smith*, 10 Ill. App. 376, 379; *Fitch* v. *Cornell*, 1 Sawy. 156, 172; *Payne* v. *Masek*, 114 Mo. 631, 636; *Ingersoll* v. *Mangam*, 84 N. Y. 622; *Ins. Co.* v. *Bangs*, 103 U. S. 435; *Chouteau* v. *Gibson*, 39 Mo. 537, 565; *Campbell* v. *G. Co.*, 84 id. 352, 366.)

*Charles I. McBurney* for respondent. The Circuit Court had jurisdiction of these infants. (Code Civ. Pro. §§ 416, 471; *Jensma* v. *Phiel*, 9 Ves. 355; *Lingren* v. *Lingren*, 7 Beav. 66; *Smith* v. *Palmer*, 3 id. 10; *Nixon* v. *Few*, 7 id. 349; *Stillwell* v. *Blair*, 13 Sim. 399; *Anonymous*, 18 Jurist, 770; *Lapping* v. *Howard*, 10 id. 629; *Piddocke* v. *Smith*, 15 id. 1120; *Kyan* v. *Galli*, 12 L. J. [N. S.] 72; *Egremont* v. *Egremont*, 2 De G., M. & G. 730; *Baker* v. *Holmes*, 1 Dickens, 18; *Garnum* v. *Marfbal*, Id. 77; *U. S.* v. *Ritchie*, 8 Pet. 128; *Ins. Co.* v. *Bangs*, 103 U. S. 435; *Preston* v. *Dunn*, 25 Ala. 507; *Robb* v. *Lessees of Irwin*, 15 Ohio, 689; *Gronfier* v. *Puymirol*, 19 Cal. 629; *Ingersoll* v. *Mangam*, 84 N. Y. 627; *Crogham* v. *Livingston*, 17 id. 218; *Gotendorf* v. *Goldschmidt*, 83 id. 110.) The failure to serve the subpœna on the infants Goodridge, if no service upon them was made, was at most an error or irregularity in practice, and the decree rendered after the appearance of the infants by attorney, the appointment of a guardian, upon the petition of their mother and natural guardian, to represent and act for them, and his answer and defense on their behalf was not void. If this is so, if the decree is not void, but at most reversible for error, it was sufficient to pass a good title to the property in question to a purchaser who bought upon the faith of its validity. The title of such a purchaser would not be affected by a subsequent reversal or vacation of such a decree. (*Voorhees* v. *Bank of U. S.*, 10 Pet. 474; Rorer on Judicial Sales, § 576.)

FINCH, J. The very elaborate and exhaustive opinion of the learned referee, before whom this action was tried, so states the argument upon the fundamental question involved as to simplify our duty of review and enable us to narrow the discussion, which has taken a wide range, to the single ground on which our decision should rest. The jurisdiction assailed is that of a Federal court over infants not served with process, but for whom an appearance was entered and a guardian *ad litem* appointed, who defended in their behalf. The question thus is one of Federal jurisdiction and practice, taking us away

from our own procedure and into somewhat unfamiliar terri-
tory, and where the decisions of the United States courts
should be our authority and guide. The precise question
involved came before one of those courts and was decided in
favor of the validity of the judgment. The decision has not
been reported and does not appear in the books, but what it
was the record before us distinctly and accurately shows. The
action was brought in equity in the Circuit Court by Drake
and others against Goodridge and others, among whom, named
as defendants, were the infant children of Goodridge. The
plaintiffs alleged in brief that they were creditors of the
co-partnership of Goodridge & Co., and had obtained judg-
ment for specified amounts; that in such actions attachments
had been issued and duly levied upon the land here in contro-
versy; that the legal title stood in the individual name of one
or more of the partners, but was in truth held in trust for the
firm to which it actually belonged, and asked judgment
that the land be declared to be partnership property,
and that ˙a receiver be appointed to sell it and apply
the proceeds to the payment of plaintiff's debt. Judgment
was rendered to that effect, and, in pursuance of its directions,
the receiver sold the land at a judicial sale. The pur-
chasers thereafter refused to take the title tendered, alleging
it to be defective and not marketable. Thereupon the receiver
presented a petition to the court setting forth the facts, and
praying that the purchasers be required to accept the deed
and pay the purchase price. For the purposes of the motion
it was stipulated, among other things, that the infant defend-
ants were not in fact served with a subpœna or other process.
Judge BLATCHFORD, before whom the judgment had been
obtained, decided that the title proffered was good, and the
purchasers were bound to accept it. Deciding thus, with the
stipulation before him, he necessarily ruled that the court
obtained jurisdiction even though there had been no actual
service of process upon the infants, but instead merely the
appointment of a guardian *ad litem* upon the petition of their
mother. What we are now asked to do is to disregard that

decision and hold it to be erroneous, upon a presentation of the same question, founded upon the same alleged defect in the same judgment, and affecting the same land. I am very sure we ought not to do that unless upon some strong and clear conviction that the Circuit Court went astray and in opposition to the decided and manifest trend of Federal authority. It is to that inquiry that the learned counsel for the appellant has addressed himself in an extremely able argument.

His principal reliance is upon the case of *Woolridge* v. *McKenna* (8 Fed. Rep. 650), decided by Judge HAMMOND in the Circuit Court of the western district of Tennessee. If I regarded the language of the decision as applicable, or intended to be applicable, to a case like the present, where, instead of a mere personal action against infants, we have one in the nature of a suit *in rem*, prosecuted against property in which they had or claimed an interest, seeking to impress upon it a partnership character and devote it to the discharge of the partnership debts, I should feel bound to admit that it held service upon the infants to be imperative, without which the application of the mother and consequent appointment of a guardian *ad litem* would be ineffectual to confer jurisdiction. But I observe that the learned judge himself drew the distinction between the two classes of cases, and held the one at his bar to be a personal action against the infants. I am not sure that he was entirely right in so holding, but that for the present is an immaterial inquiry. He did so hold, and I think intended to confine his ruling to the class of cases in which he ranked the one before him. Speaking of the character of the action, he said : " It is rather in the nature of a personal suit against her to cancel as void the deeds under which she claims than a proceeding against the land." After some further argument, he says again : " If this were a case originally brought in this court, standing as to parties in the shape it now does, there is no doubt whatever that this infant defendant, like all other defendants, assuming that she is a citizen of Kentucky, would have to be

sued in the district of her residence, so that process could be personally served on her, if the case is to be treated as a personal action to cancel the deeds of conveyance." He had already said that it should be so treated, and, therefore, was correct in the assertion that she would have to be sued in the district of her residence, irrespective of the possible fact that the land itself might be in another district, and in holding that personal service was required. He then proceeds thus: " Or if it be a suit *in rem*, or of that nature, against the land, there might be substituted process under the act of March 3d, 1875, which is understood to dispense with the requirement of personal service as well in the case of infants as other defendants." Here again the distinction between the two classes of cases is recognized, and when it is finally held that actual service is essential to the jurisdiction the ruling must relate to merely personal actions such as the one before the court was assumed to be. It, therefore, decides nothing as to the necessary mode of obtaining jurisdiction in a suit against the land. If what is said as to such an action permits an inference that where there is no service on the infants the only other mode of obtaining jurisdiction is under the act of 1875, there are three answers to be made. First. The opinion does not so declare. The reference to the act of 1875 grows out of the non-residence of the infant in the district of the litigation, and assumes the necessity of making her a party against her will or without movement or intervention on the part of her natural guardian. Second. If the opinion had so declared, the statement would have been *obiter*, because relating to a class of cases not before the court; and, third, in that event the decision would stand wholly and entirely unsupported by the authorities cited to sustain it. If on examining them it shall become apparent that, so far as they are applicable at all, they do sustain the court in holding that actual service on the infants is imperative in a merely personal action, but do not support the decision, indeed tend to contradict and overthrow it, if regarded as applicable to a suit against the land, we shall be bound to understand the learned judge as I

think he meant to be understood and not put upon him a decision which he did not need or undertake to make.

The first case which he cites is *Bank of the U. S. v. Ritchie* (8 Pet. 128). That was a bill of review and a direct attack upon a judgment decreeing the sale of property in which infants had an interest. It did not appear that process had been served upon them. It did appear that a stranger had been appointed guardian *ad litem*, on the motion of counsel for the plaintiffs, without bringing the minors into court or issuing a commission for the purpose of making the appointment. As to that, Chief Justice MARSHALL said: "It is not error, but is calculated to awaken attention." After pointing out other defects in the procedure, he affirms the reversal of the decree, citing many departures from correct usage, but never once intimating that the judgment was absolutely void for want of actual service of process on the infants. It is inconceivable that so great a jurist should have overlooked such a defect if he so regarded it at all. The learned counsel for the appellant perhaps weakens the suggestion by an explanation that something in the law of Maryland following the cession of the District of Columbia may have saved the jurisdiction. I do not know how that is, but obviously the authority, if not positively adverse, does not support the decision of Judge HAMMOND as the appellant would construe it.

The second case cited is *O'Hara v. MacConnell* (93 U. S. 150). That was a case in which the assignees of the bankrupt sued to set aside his conveyance as fraudulent against creditors, making his wife, who was an infant, a party defendant. The subpœna was served only on the husband, but that was held sufficient before 1874, while yet it was decided that the decree should be reversed because no appearance for the wife had been entered and no guardian *ad litem* had been appointed. The reversal was for the lack of the very steps which were taken in the judgment assailed on this appeal. The case, therefore, does not sustain the doctrine for which it is claimed to have been cited.

The third case cited is *N. Y. Life Ins. Co.* v. *Bangs* (103 U. S. 435). The question involved was the validity of a judgment pleaded as a defense, and it was adjudged void as against an infant not actually served with process, although a guardian *ad litem* had been appointed and had answered. But the court specially point out with constant reiteration the character of the action as having been purely personal. It is said that the infant had no property in Michigan; that the suit did not concern any property, real or personal, and that it was brought to cancel a contract of insurance made with the infant's father. Then it was added that "In all cases brought to enforce or cancel personal contracts, or to recover damages for their violation, the statute requires a personal service of process upon the defendants or their voluntary appearance." So far it is clear that the case is authority for the doctrine, in support of which Judge HAMMOND cited it, that is, as applicable to personal actions, but not at all to the opinion imputed to him as covering also actions in the nature of a proceeding *in rem.* But the opinion cited goes further. The attention of the court was called to three cases which held that non-service upon the infant did not render the judgment void where a guardian *ad litem* had been appointed. It is important to observe the attitude of the court towards these cases. They are in no respect criticised or even doubted, but, on the contrary, are said to be consistent with the doctrine asserted. One by one their facts are developed, and it is shown that the actions were in the nature of suits *in rem*, and then the court added that there was nothing in them inconsistent with the doctrine asserted as applicable to a case which did not touch any property in the district, but to one brought to cancel a personal contract. I think this case fairly holds that the need of service on the infant exists in personal actions, but does not exist in those *quasi in rem.*

There is still another case cited by Judge HAMMOND, which is *Carrington* v. *Brents* (1 McL. 174). Speaking of a judgment obtained by Carrington, the court said: "It does not appear that in the above suit process was served on the infant,

nor that the guardian *ad litem* was appointed by the court, and for these omissions or errors in the proceedings the decree might be reversed by an appellate court; but when the decree is used as matter of evidence it cannot be disregarded or treated as a nullity."

This examination of the cases cited by Judge HAMMOND makes it very clear, I think, that the rule which he formulated was a rule applicable only to personal actions, and that he did not at all intend or contemplate its extension beyond those. The difference between the two classes of cases was clearly noted in *Mohr* v. *Manierre* (101 U. S. 422). In discussing the mode in which the Federal courts acquired jurisdiction Mr. Justice FIELD said : "This necessarily depended upon the nature of the subject upon which the judicial power was called to act. If it was invoked against the person to enforce a liability, the personal citation of the defendant, or his voluntary appearance, was required. If it was called into exercise with reference to real property by proceedings *in rem* or of that nature, a different mode of procedure was usually necessary, such as a seizure of the property with notice by publication or otherwise to parties having interests which might be affected." He proceeds to say that these rules were "part of the general law of the land," and were to be applied by the courts of the United States. The words of the learned jurist indicate to my mind what is the vital difference between the two classes of cases, and the distinctive directions in which we should approach the question of jurisdiction. In the case of merely personal actions there is no possible ground upon which that jurisdiction can attach except the service of process upon the individual. The court must lay hold of him. In suits *in rem* it may lay hold of the land, aided as in this case by an attachment and *lis pendens*, and thereby the jurisdiction may attach, but can only be exercised upon notice to the parties interested. If they have that notice in fact, any irregularity in giving it may, indeed, be reversible error, but does not necessarily render the subsequent judgment void.

A similar, though not the same, distinction runs through

our cases in this state. On the one hand we held in *Ingersoll* v. *Mangam* (84 N. Y. 622), by force of an explicit statute, that in foreclosure actions service of the summons must precede the appointment of a guardian *ad litem;* while, on the other hand, in an action of partition which that statute did not govern, we also held that such precedent service was not essential to the jurisdiction. (*Gotendorf* v. *Goldschmidt*, 83 N. Y. 110.)

It seems to me, upon this review of the subject, that the decision of Mr. Justice BLATCHFORD pronouncing the title good under the judgment authorizing the sale is not contradicted and not even made doubtful by the other Federal authorities, but that, on the contrary, their manifest drift is toward the result reached by that decision. I think, therefore, we ought to follow it, and that, if it is to be overruled at all, it should meet that fate, not at our hands, but from the ultimate Federal tribunal, carefully considering the nature and limits of its own jurisdiction.

I have said nothing of the rules of the United States court, because I do not think that they at all settle the question or bear very seriously upon the argument, and also because they have been sufficiently discussed in the report of the referee. Nor have I adverted to the position sustained by him and adopted by the General Term that the jurisdiction is saved by the presumptions which attach to the judgment in view of the condition of the record; not because I disapprove of the conclusion which has been reached, but because I think we ought to put our decision upon the ground which I have already stated.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.