(60 App. Div. 312.)

### PLATT et al. v. FINCK et al.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. MORTGAGE FORECLOSURE—SALE—PURCHASE—RELIEVING PURCHASER FROM BID—MARKETABLE TITLE.

A purchaser at a foreclosure sale, moving to be relieved of his purchase on the ground of a defect in the title, does not show such a defect as entitles him to relief by stating that a quitclaim deed of the property was executed by two persons, the execution by one of whom was defective, without showing that such person had some title to the property.

**2. Powers—Construction—Deeds.**

The power of attorney given by a husband and wife authorized the attorney to "sell and mortgage any of my property, and give in our names good deeds therefor; the attorney's deed or mortgage to be deemed our act and deed." *Held*, that it was the intention of the wife to authorize the attorney to make a conveyance of lands of the husband which would release her right of dower.

**3. Same—Deeds.**

Where husband and wife executed a power of attorney which authorized the attorney to convey the husband's lands, released from any claim for dower on the part of the wife, and the attorney executed a deed of certain property, "together with the appurtenances, and all the estate and rights of the parties of the first part in and to said premises," the deed was sufficient to include the wife's right of dower.

**4. Guardian Ad Litem—Appointment—Statutes.**

Code Civ. Proc. § 473, declares that, when an infant defendant resides out of the state, the court may make an order designating one to be his guardian ad litem, unless the infant, or some one in his behalf, procures such a guardian to be appointed within a specified time after service of a copy of the order. Section 471 provides that an infant defendant must appear by guardian, who must be appointed on the application of the infant, if he be of the age of 14 years, or if less, or he neglects to so apply, on the application of any other party to the action. *Held*, that where service was had by publication on infant nonresident defendants, and after their time to appear had expired a guardian ad litem was appointed on petition of plaintiffs, the appointment was not invalid because it did not contain a provision that a person might be appointed unless the infant, or some one on his behalf, procured the appointment of a guardian, since such section does not apply to a case where service has been had on an infant and the time for appearance has expired, which case is governed by section 471.

Appeal from special term, New York county.

Application by Richard W. Elliott to be relieved from his purchase of real estate sold under mortgage foreclosure in an action by John R. Platt and others, trustees, etc., against Louisa A. Finck and others. From an order denying the application, Elliott appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Duane P. Cobb, for appellant.

William H. Stockwell, for respondents.

INGRAHAM, J. The purchaser presents two objections to the title: The first is as to the sufficiency of a power of attorney executed by Harry M. Kaplan and Annie Kaplan, his wife, which authorized the attorney in fact to sell, convey, transfer, lease, mortgage, and, in any and every other method "deemed by our attorney advisable, dispose of, manage, and incumber any and all of my real or personal property and estate in the city, county, and state of New York, and to give and grant in our names good and sufficient deeds and leases therefor; and such conveyances, assignments, leases, mortgages, or transfers which may or shall be made by our attorney shall be deemed and considered as our act and deed,—giving and granting unto our said attorney full power and authority to do and perform all and every act and thing necessary," etc. This power of attorney seems to have been executed in the state of Illinois; and in pursuance thereof the attorney executed in the name of Harry M. Kaplan and Annie Kaplan, his wife,

an instrument whereby the parties of the first part, in consideration of $50, lawful money of the United States, paid by the party of the second part, "do hereby remise, release, and quitclaim unto the said party of the second part, her heirs and assigns, forever, all that certain plot, piece, or parcel of land, with the buildings thereon,"—being the premises in question,—together with the appurtenances, and all the estate and rights of the parties of the first part in and to said premises. The party of the second part in this instrument was the mortgagor who made the mortgage which was foreclosed in this action. The grantors were not parties to this action.

It does not appear by the record what interest Harry M. Kaplan or Annie Kaplan, his wife, had in the premises in question. It seems to have been assumed by the parties, in arguing this appeal, that Harry M. Kaplan was the owner of the fee of the premises, and that his wife's interest therein was an inchoate right of dower; but there is nothing to show that fact in the record. The purchaser moves to be released from his purchase, and, to entitle him to succeed on this motion, he is bound to show that there is such a substantial defect in the title that he would receive by the execution and delivery of the referee's deed that it would not be a marketable one. He certainly does not show that fact by stating that a quitclaim deed of this property was executed by two persons, the execution by one of whom was defective, without showing that that person had some title to the property, which passed by the deed. As, however, the parties have both assumed that the validity of this title depends upon the effect of the conveyance under this power of attorney to transfer the inchoate right of dower of Annie Kaplan, wife of Harry M. Kaplan, I suppose that question may as well be determined. Assuming that both parties to this power of attorney (Harry M. Kaplan and Annie Kaplan, his wife) had executed the deed which was executed by their attorney, such a conveyance would operate as a release of Annie Kaplan's inchoate right of dower; and the question is whether this power of attorney authorized the attorney in fact to execute an instrument by which Annie Kaplan's right of dower in her husband's real estate should be released. It is quite evident that it was the intention of the parties in executing this power of attorney to authorize the attorney to sell, convey, transfer, and dispose of all the real or personal property in the estate in the city and county of New York belonging to them, or to either of them, and to give and grant in their name a good and sufficient deed therefor, and that such conveyance, when made by the attorney, should be deemed and considered as the action of the parties executing the power of attorney. Assuming that the premises in question were vested in Harry M. Kaplan, as the parties assumed in their argument of the appeal before us, the fact that his wife joined with him in a power of attorney by which the attorney was authorized to sell the real estate in the city, county, and state of New York, and to give in the name of both the parties to the power of attorney a good and sufficient deed therefor, must be conclusive evidence that it was the intention of the wife to authorize the attorney to execute in her name a conveyance which would vest in the purchaser a good title to the real estate of her husband; and, as her only interest in such

property would consist of her inchoate right of dower, the parties must have intended that the attorney should have power to join in a conveyance that released such dower right.    In considering this power of attorney, we must bear in mind what authority it was intended to confer on the attorney.    Although her authority to release her inchoate right of dower is not specifically mentioned, where she authorized the attorney to execute in her name a conveyance which would be a good and sufficient deed to convey a good title to the real estate, she could only have intended that he should by such a deed release her dower interest therein.    In pursuance of the power granted, the attorney executed a deed to the mortgagor which purported to remise, release, and quitclaim unto the party of the second part all that certain plot, piece, or parcel of land, with the buildings thereon, which included the property in question, "together with the appurtenances, and all the estate and rights of the parties of the first part in and to said premises."    This was certainly sufficient to include the inchoate right of dower of the party of the first part, and I think this conveyance was sufficient to transfer or release all estate and interest that either of the parties had in the premises therein described.

The other objection taken to this title depends upon the validity of the appointment of a guardian ad litem for an infant defendant.    It seems that certain of the infant defendants, who were residents of France, were served with the summons in the action by publication. After their time to appear had expired, on the petition of the plaintiff the court appointed a guardian ad litem for these infant defendants; the order not containing the provision which was required by section 473 of the Code, viz. that a person may be appointed guardian ad litem, unless the infant, or some one on his behalf, procures such a guardian to be appointed, as prescribed in sections 471 and 472, within a specified time after service of a copy of the order.    But we think this section of the Code did not apply to a case where an infant has been served with the summons in the action, and his time to appear or answer has expired.    Such a case comes within the provision of section 471 of the Code, which provides that an infant defendant must also appear by guardian, who must be appointed upon the application of the infant, "if he is of the age of fourteen years, or upwards, and applies within twenty days after personal service of the summons, or after service thereof is complete, as prescribed in section four hundred and forty-one of this act; or, if he is under that age, or neglects so to apply, upon the application of any other party to the action, or of a relative or friend of the infant."    Here the infant defendant had neglected to apply within 20 days after service of the summons was complete, and therefore the court had power, upon the application of any other party to the action, to appoint a guardian ad litem.    Section 473 of the Code provides that where an infant defendant resides out of the state, or is temporarily absent therefrom, and not having been served with process, the court may make an order designating a person to be the guardian ad litem of the infant, upon whom process can be served.    In Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082, it was held that section 473 covers a case in which personal service cannot be made, and which is not within the provisions

of the Code relating to service by publication, but that, to authorize the appointment of a guardian ad litem for an infant defendant under that section, the moving papers must set forth the facts conferring authority upon the court to make the order. I think, therefore, that under this provision of the Code the court had the power to appoint a guardian ad litem where the summons had been served upon the infants, and the infants had failed to apply for such appointment within 20 days after such service, under section 471 of the Code, and that the appointment of the guardian ad litem in this case was sufficient.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.