(137 App. Div. 202.)

### TAYLOR v. EMMET et al.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. INFANTS (§ 80*)—GUARDIANS—APPOINTMENT OF GUARDIAN AD LITEM—NECESSITY OF SERVICE OF SUMMONS.

Code Civ. Proc. § 473, provides that, when an infant resides or is temporarily absent from the state, the court may, by order, appoint a guardian ad litem unless the infant or some one for him procures such guardian to be appointed, and requires the court to give special instructions in the order as to its service which may be upon the infant, and permits the summons to be served by delivering a copy to the guardian appointed, with like effect as where a summons is served upon a resident adult. Section 471 requires an infant defendant to appear by guardian appointed upon the infant's application if he is 14 years old or more and applies within 20 days after service of the summons, or, if under that age, or he neglects to so apply, upon the application of any other party or a relative or friend of the infant, in which case notice of the application must be given to the infant's general or testamentary guardian if he has one in the state, or, if he has none, to the infant if he is 14 years old or more and within the state, or if under that age and within the state to the person with whom he resides. *Held*, construing the statutes in view of the history of the statutory procedure for appointing guardians for infants, that section 471 provided the procedure for the appointment of a guardian only where summons was served upon the infant personally or by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

publication, which method was entirely distinct from that provided by section 473, and a guardian could be appointed for a nonresident infant defendant under the latter section without service of summons upon the infant either personally or by publication.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 214; Dec. Dig. § 80.*]

2. INFANTS (§ 89*)—ACTIONS AGAINST—JURISDICTION—PROCESS.
While notice in some form to an infant is essential to confer jurisdiction in an action to bind his property, the Legislature may authorize constructive instead of actual notice, and constructive notice pursuant to the statute will bind the infant.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 265, 267; Dec. Dig. § 89.*]

3. INFANTS (§ 80*)—APPOINTMENT OF GUARDIAN AD LITEM—ORDER.
Under Code Civ. Proc. § 473, requiring the court to give special directions in its order appointing a guardian ad litem for nonresident infant defendants respecting the service thereof, the order should specifically state the infant's place of residence and direct the notice to be mailed to such address, and an order requiring notices to be deposited in the general post office directed to the infant's place of residence, according to the best information that can conveniently be obtained concerning it, is too indefinite.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 219; Dec. Dig. § 80.*]

Appeal from Special Term, New York County.

Action by Josephine W. Taylor against Alice W. Emmet and others. From an order granting a motion to strike the cause from the calendar, plaintiff and two of defendants appeal. Reversed, and motion to strike denied.

For opinion below, see 122 N. Y. Supp. 757.

Argued before CLARKE, LAUGHLIN, SCOTT, McLAUGHLIN, and DOWLING, JJ.

John Henry Hammond, for appellants.
George Zabriskie, for respondents.

DOWLING, J. Plaintiff appeals from an order striking this cause from the calendar on the ground that certain nonresident infant defendants had not been properly served. The action is for the partition of real property, and no service of the summons has been had upon these defendants, either personally or by publication, but pursuant to the provisions of section 473, Code Civ. Proc., an order was duly made (upon proof of the jurisdictional facts therein required, and after the filing of the summons, complaint and notice of pendency of action, and the commencement of the action), whereby a guardian ad litem was designated for such of the nonresident infant defendants, unless the infants, or some one in their behalf, should procure a guardian to be appointed, as prescribed by sections 471 and 472 of the Code of Civil Procedure, within 10 days after mailing copies of the order to the infants as directed therein. The guardian thereupon duly qualified by filing the usual consent and affidavit, and copies of the order were mailed to the infants in the care of their parents or adult guardians. No application for the appointment of a guardian having been made on behalf of the infants, on the expiration of the prescribed time,

the court made an order appointing the guardian ad litem conditioned on his filing a bond in a sum specified. This was done, whereupon the summons, which had been served on the guardian after his conditional designation, was again served upon him, and he duly served his answer.

The question presented upon this appeal is whether it is necessary that the summons should have been served upon a nonresident infant defendant, either personally or by publication, before a guardian can be appointed under the provisions of section 473 which are as follows:

"Where an infant defendant resides out of the state or resides within the state and is temporarily absent therefrom, the court may, in its discretion, make an order designating a person to be his guardian ad litem, unless he, or some one in his behalf, procures such a guardian to be appointed, as prescribed in the last two sections, within a specified time after service of a copy of the order. The court must give special directions in the order, respecting the service thereof, which may be upon the infant. The summons may be served by delivering a copy to the guardian so appointed, with like effect as where a summons is served without the state upon an adult defendant, pursuant to an order for that purpose, granted as prescribed in section four hundred and thirty-eight of this act; except that the time to appear or answer is twenty days after the service of the summons, exclusive of the day of service."

The language of this section is explicit, and would seem to leave no room for doubt that plaintiff's proceedings, which comply with its requirements, were sufficient. But it is claimed that section 471 creates an additional condition, which is the service of the summons upon the infant. This position is not tenable. The Code recognizes two methods for procuring the appointment of a guardian ad litem of a nonresident infant defendant.

The first method is under section 471, which applies both to resident and nonresident infants. As to the former, the application may be made within a specified time after personal service either by the infant himself, if he is 14 years of age or upwards, or, if he is under that age or neglects to apply within the time limited, then the application may be made by any other party to the action, or by a relative or other friend of the infant, in which cases notice thereof must be given to his general or testamentary guardian, if he has one within the state, or, if he has none, then to the infant himself, if he is of the age of 14 years or upwards and within the state, or if under that age and within the state, then to the person with whom he resides. As to nonresident infants under section 471, the summons may be served without the state or by publication pursuant to the provisions of sections 438 to 444, inclusive, and the time within which the infant, if 14 years of age, may apply for the appointment of a guardian, begins to run from the completion of service under section 441. If he is under 14 years of age, or neglects to apply within the time fixed by the section, then the application may be made by any party to the action, or by a relative or friend of the infant, but no notice of such application need be given to the infant unless he has a general or testamentary guardian within this state, or is within the state when the application is made. It is clear that section 471 provides for the procedure only where the summons has been served either personally or by publication. The

second method is that prescribed by section 473, and is entirely separate and distinct from the first. The summons need not be served, either personally or by publication, to give the right to apply for the appointment of a guardian. When nonresidence or temporary absence from the state of the infant defendant is shown, then the right to the order of designation arises, and the reference in section 473 to sections 471 and 472 are solely to prescribe the means to be followed by the infant in case he or some person in his behalf desires to apply for the appointment of a guardian of his own selection.

The history of this procedure demonstrates that this distinction was purposely made. Under the original Code of Procedure (chapter 379, Laws 1848), section 96 provided for the appointment of guardians ad litem. Subdivision 1 provided for infant plaintiffs. Subdivision 2 provided for infant defendants, and directed the appointment of a guardian, "when the infant is defendant, upon the petition of the infant, if he be of the age of fourteen years and apply within twenty days after the service of the summons. If he be under the age of fourteen, or neglect so to apply, then, upon the petition of any other party to the action, or of a relative or friend of the infant."

By the amendatory act of July 10, 1851 (chapter 479, Laws 1851), section 96 became section 116, and subdivision 2 read as follows:

"When an infant is defendant, upon the application of the infant, if he be of the age of fourteen years, and apply within twenty days after the service of the summons. If he be under the age of fourteen or neglect so to apply, then upon the application of any other party to the action, or of a relative or friend of the infant after notice of such application being first given to the general or testamentary guardian of such infant, if he has one; if he has none, then to the infant himself if over fourteen years of age, or if under that age to the person with whom such infant resides."

By chapter 460, Laws 1862, the first paragraph of which still applied to infant plaintiffs and the second to infant defendants, section 116 was further amended by adding at the end of subdivision 2 the following:

"And in actions for the partition of real property, or the foreclosure of a mortgage, or other instrument, when an infant defendant resides out of this state, the plaintiff may apply to the court in which the action is pending, at any special term thereof, and will be entitled to an order, designating some suitable person to be the guardian for the infant defendant, for the purposes of the action, unless the infant defendant, or some one in his behalf, within a number of days after the service of a copy of the order, which number of days shall be in the said order specified, shall procure to be appointed a guardian for the said infant; and the court shall give special directions in the order for the manner of the service thereof, which may be upon the infant himself, or by service upon any relation or person with whom the infant resides, and either by mail or personally upon the person so served."

By chapter 392, Laws 1863, an addition was made at the end of paragraph 2 as follows:

"And in case an infant defendant, having an interest in the event of the action shall reside in any state, with which there shall not be a regular communication by mail, on such fact satisfactorily appearing to the court, the court may appoint a guardian ad litem, for such absent infant party, for the purpose of protecting the rights of such infant in such action, and on such guardian ad litem, process, pleadings and notices in the action may be served, in the like manner as upon a party residing in this state."

By chapter 615, Laws 1865, the clause, "or is temporarily absent therefrom," was inserted after the clause, "when an infant resides out of the state," in the provision quoted from the Laws of 1862.

This was the state of the law when the new Code of Civil Procedure was enacted. Chapter 448, Laws 1875. Section 116 of the old Code now furnished the material for sections 470, 471, and 473 of the new. The provisions of the first paragraph of section 116 for the appointment of guardians of an infant plaintiff became section 470. Those relating to guardians of an infant defendant generally became section 471 in its present form, except that by chapter 542, Laws 1879, the clause, "or after service thereof is complete, as prescribed in section 471 of this act," was added, so as to limit the time within which an infant defendant of the age of 14 must apply for the appointment of a guardian of his own selection, when the summons had been served without the state or by publication. Section 473 was enacted in this form:

"In an action for the partition of real property, or for the foreclosure of a mortgage, where an infant defendant resides without the state, or is temporarily absent therefrom, the court may, in its discretion, make an order designating a person to be his guardian ad litem, unless he or some one in his behalf procures such a guardian to be appointed as prescribed in the last two sections, within a specified time after the service of a copy of the order. The court must give special directions in the order, respecting the service thereof, which may be upon the infant." ·

This act took effect May 1, 1877. By chapter 416, Laws 1877, taking effect September 1, 1877, section 473 was amended so as to read:

"Where an infant defendant resides within the state, and is temporarily absent therefrom, the court may in its discretion, make an order designating a person to be his guardian ad litem, unless he or some one in his behalf procures such a guardian to be appointed, as prescribed in the last two sections, within a specified time after service of a copy of the order. The court must give special directions in the order, respecting the service thereof, which may be upon the infant. The summons may be served by delivering a copy to the guardian so appointed, with like effect as where a summons is served without the State upon an adult defendant, pursuant to an order for that purpose granted as prescribed in section 438 of this act; except that the time to appear or answer is twenty days after the service of the summons, exclusive of the day of service."

By chapter 494, Laws 1889, section 473 was amended to its present form, which it ever since has retained.

· Until the passage of the new Code of Civil Procedure, the procedure in partition suits was regulated by the provisions of the Revised Statutes (section 448, Code Civ. Proc.). So long as they were in force, they authorized the appointment of a guardian for a nonresident infant defendant without notice of any kind. 2 Rev. St. (4th Ed.) p. 577; 3 Rev. St. (5th Ed.) p. 603; 3 Rev. St. (6th Ed.) p. 583. Thus the policy of the state in regard to the manner of notifying nonresident infant defendants under the Code has undergone many changes. From 1862 to 1877 there was required no preliminary service of process upon the infant in partition and foreclosure suits in order to obtain the appointment of a guardian for the infant on the application of another party to the action. From 1877 to 1889 (save for a few months in the former year) guardians could be appointed with-

out the prior service of the summons only as to infants, residents of the state, but temporarily absent therefrom, and in any action. From 1889 to, and including to the present time, a guardian could be appointed in any action for either nonresident or absentee infant defendants, in two ways: (1) Under section 471, where process had been served, either personally or by publication; (2) under 473, where process had not been served.

Such confusion as may apparently exist in the decisions is due only to failure to take into consideration the state of the statutes applicable to the particular case decided. Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082, is authority for the proposition that "service of process upon the infants was not essential to confer jurisdiction, and, if the order was properly granted and served under the section quoted, service upon the guardian was equivalent to personal service upon the infant." Schell v. Cohen, 55 Hun, 207, 7 N. Y. Supp. 858. Notice in some form to an infant is essential to confer jurisdiction upon a court to bind his property. But the Legislature may prescribe that it may be constructive instead of actual, and proceedings in conformity with such a statute will be valid and bind the infant. Ingersoll v. Mangam, 84 N. Y. 622; Croghan v. Livingston, 17 N. Y. 218; Gotendorf v. Goldschmidt, 83 N. Y. 110. This decision was made under section 473 as it existed in 1878, when it applied only to resident infants temporarily absent from the state. But the opinion was delivered in 1892, when the act of 1889 had already extended the procedure to nonresident infants, and the reasoning and conclusions are equally applicable to the section in its present state. In Gotendorf v. Goldschmidt, 83 N. Y. 110, it was expressly held that the true construction of subdivision 2 of section 116 of the Code of Procedure (as it existed in 1871) was that prior service of the summons was not required in partition suits, and that the notice of the provisional appointment of a guardian with leave to apply for one of his own selection within a time fixed afforded sufficient protection of the infant's rights. It is true that in the case of Sloane v. Martin, 145 N. Y. 534, 40 N. E. 217, 28 L. R. A. 347, 45 Am. St. Rep. 630, the learned justice writing the opinion regarded the Gotendorf decision as being controlled by the provisions of the Revised Statutes, but the O'Donaghue Case, post, recognized it as being based on the Code section as well. Ingersoll v. Mangam, 84 N. Y. 622, was decided when the law applied only to infants temporarily absent from the state, and was an application on behalf of the infant by his mother, and was not an application under section 473. Indeed, it is impossible to find a case where the order has been made under section 473 where any doubt has been expressed as to its validity. In O'Donaghue v. Smith, 184 N. Y. 378, 77 N. E. 621, the court quoted with approval the opinion of Justice Andrews in Ingersoll v. Mangam, supra, so far as it held that there was no invariable rule defining what legal proceedings constitute the process of law conferring jurisdiction upon a court to deal with and bind the property of infants, and that as long as notice in some form, actual or constructive, had been prescribed by the Legislature to be given to the parent or guardian or other person as representing the

infant, proceedings in conformity with the statute will be valid and the infant will be bound, and which opinion cited the case of Gotendorf v. Goldschmidt, supra, as authority for the proposition that under the new provisions of the Revised Statutes and of the Code, applicable to that case, personal service of the summons upon an infant defendant in an action of partition was not essential to give the court jurisdiction. The cases of Platt v. Finck, 60 App. Div. 315, 70 N. Y. Supp. 74, and Schell v. Cohen, 55 Hun, 207, 7 N. Y. Supp. 858, also clearly recognize the fact that in order to proceed under section 473 it is not necessary that process should have been served upon the infant.

It follows, therefore, from all these considerations that plaintiff's proceedings under section 473 were properly taken; that the guardian ad litem was properly appointed; that issue had been duly joined; and that the cause should not have been stricken from the calendar.

While the defect is not a jurisdictional one, attention is directed to the faulty provisions of the order directing service upon the infants. It prescribes that copies thereof be deposited "in the general post office, in the borough of Manhattan, city of New York, contained in a securely closed postpaid wrapper and directed respectively to the said infant defendants at their respective places of residence according to the best information that can conveniently be obtained, concerning the same." This provision is entirely too vague and indefinite for safe procedure. The place of residence of the infants should be specifically set forth in the order and direction given to mail the notices to such addresses. The affidavit upon which the order of September 1, 1909, was made set forth the places of residence of the infants, as well as the persons with whom they were then residing, and copies of the order were actually mailed to each infant in care of his or her parent at a specific address, but these addresses do not all correspond with the ones given in the moving affidavit on which the order was made. It is not disputed, however, that the places to which the copies of the orders were mailed were in fact the residences of the infants, although some of them are claimed to have been temporarily absent therefrom, and the notice provided for by the section has been actually given. It is well to suggest, nevertheless, that there may be cases in which serious difficulties might arise, unless the order specifically designates the address to which each copy of the order is to be mailed.

Order reversed, with $10 costs and disbursements, and application to strike cause from the calendar denied, with $10 costs. All concur.

McLAUGHLIN, J. I concur in the opinion of Mr. Justice DOWLING. Unless section 473 means what it plainly says, viz., that "the summons may be served by delivering a copy to the guardian so appointed," I am unable to see what can be its meaning or purpose. Where the summons has been served by publication or personally outside the state upon an infant, a guardian ad litem may be appointed as prescribed in sections 471 and 472. And if, as the respondents contend, the summons must always be served in one of these ways, sec-

tion 473 is unnecessary and meaningless. In Crouter v. Crouter, 133. N. Y. 56, 30 N. E. 726, the summons was served personally outside the state upon certain infant defendants and a guardian ad litem appointed before the necessary time had elapsed to make the service complete. It was held that the court did not have jurisdiction to make the appointment, but it is obvious that this case and the somewhat similar cases cited by the respondents, where an attempt had been made to serve the summons as prescribed in section 438 and an application for the appointment of a guardian was made in accordance with section 471, have no application to the method of service prescribed in section 473.

On the other hand, it was expressly held in Gotendorf v. Goldschmidt, 83 N. Y. 110, that under subdivision 2, § 116, Code Proc., no prior service of the summons was necessary to give jurisdiction, and the same was held in Schell v. Cohen, 55 Hun, 207, 7 N. Y. Supp. 858, as to section 473. In the latter case the defendant derived his title to certain real property through a sale under a decree of foreclosure. In the foreclosure action the summons was served upon a guardian nisi appointed for an absent infant defendant under section 473, without any prior service upon the infant, and the court held the title good. It is true that the only objection urged seems to have been that the consent of the guardian to act was not acknowledged, but the case is nevertheless an absolute authority for the proposition that jurisdiction can be acquired without such prior service. This case was expressly approved in Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082. Section 473, as it then stood, applied only to a resident infant temporarily absent, and had not been extended to apply, as it does now, to nonresidents, but no distinction can be made upon this point and none is attempted. See, also, Platt v. Finck, 60 App. Div. 312, 70 N. Y. Supp. 74.

I think that these decisions are controlling, and that the question is no longer an open one. I am unable to appreciate the suggestion that the interests of the infant are not fully protected by such service. The infant becomes a ward of the court. The guardian ad litem is appointed by the court as its officer to protect his interests, and the presumption is that he will do his duty.