This is a motion to compel a purchaser at a sale ordered in this action, instituted for the partition of real estate to complete his purchase, which is resisted by him upon the ground that the title is defective, by reason of irregularity in the proceedings against "unknown owners." The court at Special Term denied the motion and sustained *Page 361 
the position of the purchaser that the proceedings were irregular, which was affirmed at the General Term. The "unknown owners" were designated in the summons as the "legal representatives of Kitchell and Jesse Bishop deceased, whose names are unknown to the plaintiff" and were sought to be brought in by the publication of the summons in the ordinary form, under section 135 of the Code. We think that section is not applicable to "unknown owners" in suits for partition. There is no express provision in that section authorizing publication against such persons, and the requirement that it must appear by affidavit that the persons cannot after due diligence be found in the State seems to be inconsistent with the idea that they are unknown. The amendment of 1860 to that section provided expressly for publication against unknown owners in actions for the foreclosure of mortgages, which would have been unnecessary if the section before provided for such publication. Although not conclusive this amendment furnishes evidence of legislative construction, and of the general understanding upon the subject. There was no necessity for such a provision in partition suits because section 448 of the Code expressly made the provisions of the Revised Statutes relating thereto applicable so far as the same could be applied to the subject-matter of the action without regard to form, and the Revised Statutes as amended in 1831 and again in 1842 provided for the mode of bringing in unknown owners in partition suits. This means that those provisions shall be applicable as far as practicable without regard to the changed form of the action. The act of 1842 required that the notice to be published should be substantially in the form therein prescribed, and there is no difficulty in adapting the substance of that notice to an action commenced under the Code. The notice requires the court to be named — the title — the nature of the action, whether in partition or otherwise, and a notice requiring an appearance within a specified time, or judgment will be taken by default. This is the substance of the notice, although the terms used are appropriate to the old practice instead of the Code practice; and it is the substance *Page 362 
which section 448 applies, "without regard to form." I think, therefore, that the provisions of the statute of 1842 are still available to bring in "unknown owners," in actions under the Code in partition, and that section 135 of the Code is not applicable.
It is claimed that section 175, in connection with section 135, supplies the deficiency. I think not. That section has no application to what are designated in the statutes as "unknown owners." On the contrary, it implies that the persons to be designated by fictitious names are known. It implies certainty of number and identity, except as to name; and it allows fictitious names to be used until the real names are ascertained, and evidently contemplates that the real names will be ascertained and substituted for the fictitious. It has been suggested that this section has no application, unless there is a personal service, but it is unnecessary to determine this question. It is sufficient for this case that it is not applicable to "unknown owners." It was urged upon the argument that there was a substantial compliance with the act of 1842 in this case by the notice which was published. There is considerable force in this position, but, I think, it must be held untenable. The act of 1842 requires the notice to specify the nature of the action, whether in partition or otherwise; and this is substantial. By looking at the notice published, with a knowledge of the statutes on the subject, no one would understand that the action was to partition lands, and those interested might, therefore, refrain from giving it attention. The rights of property should not be cut off without a strict compliance with all the substantial provisions of law.
The order must be affirmed, with costs.
All concur.
Order affirmed. *Page 363