JAMES N. GOTENDORF, Respondent, *v.* DANIEL GOLDSCHMIDT, Appellant.

Under the provisions of the Code of Procedure in reference to the appointment of guardians *ad litem* for infant parties to civil actions, the plaintiff in an action for partition could apply for and was entitled to an order appointing a guardian for a non-resident infant defendant, without a previous service of the summons upon or previous notice to said defendant. (§ 116, sub. 2.)

Upon the petition of the plaintiff in a partition suit an order was made, as prescribed by said provision, appointing D. as guardian *ad litem* for certain non-resident infant defendants, unless they, or some one in their behalf, should, within a time specified, after service upon them of a copy of the order, procure a guardian to be appointed, and directing service upon the infants and their father. Service was made as directed, and at the expiration of the time limited, no steps having been taken by or on behalf of the infants, D. was appointed such guardian, and duly qualified. The summons was served upon him, and the infants appeared by him and answered. *Held*, that this was sufficient, both under said provision of the Code and under the provisions of the Revised Statutes in reference to proceedings in partition (2 R. S. 317, § 3), which are made applicable to actions for partition under the Code (§ 448); and, it appearing that the court had jurisdiction of the subject-matter, that a sale in pursuance of a judgment in the action gave a valid title as against said infant defendants.

(Argued November 15, 1880; decided December 1, 1880.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made November 24, 1879, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

---

* 81 N. Y. 143.

The nature of the action and the facts appear sufficiently in the opinion.

*James W. Monk* for appellant. The court did not acquire jurisdiction of the infant defendants, as they were not served with the summons either personally or by publication. (Code, §§ 99, 127, 134, 135, 139; *Varian* v. *Stevens*, 2 Duer, 635, 636; *Disbrow* v. *Folger*, 5 Abb. 53; *Croghan* v. *Livingston*, 17 N. Y. 218, 220, 222; *Rogers* v. *McLean*, 10 Abb. 306, 309; *Glover* v. *Haws*, 19 Abb. 161, note; *Bosworth* v. *Vandewalker*, 53 N. Y. 597.) The appointment of the guardian *ad litem* was void. (Code, § 116, subd. 2; *Varian* v. *Stevens*, 2 Duer, 635, 636; *Jennings* v. *Jennings*, 2 Abb. 6, 15; *Disbrow* v. *Folger*, 5 id. 53, 54; *Rogers* v. *McLean*, 10 id. 306, 310; *S. C.*, 11 id. 440, 456; *S. C.*, 34 N. Y. 536, 541; *Glover* v. *Haws*, 19 Abb. 161, note; new Code, § 473.) The proceedings for partition under the Revised Statutes were superseded by the Code in 1849, and the provisions of the Revised Statutes were preserved only to the extent and for the purpose of supplying any defects or omissions which might be found to exist in the Code. (*Jennings* v. *Jennings*, 2 Abb. 6, 15; *Croghan* v. *Livingston*, 17 N. Y. 218, 224, 225; *Rogers* v. *McLean*, 11 Abb. 440, 452; *Matter of Cavanagh*, 14 id. 258, 261; *Hewlett* v. *Wood*, 62 N. Y. 75, 76; *Sandford* v. *White*, 56 id. 359, 361; *Varian* v. *Stevens*, 2 Duer, 635, 636.)

*Daniel T. Walden* for respondent. The Constitution does not positively require personal notice in order to constitute legal proceedings "due process of law." It belongs to the legislature to determine in the particular instance, whether the case calls for this kind of exceptional legislation, and what manner of constructive notice shall be sufficient to reasonably apprise the party proceeded against, of the legal steps which are taken against him. (*Matter of the Empire Bank*, 18 N. Y. 215–216; *Schwinger* v. *Hickok*, 53 id. 284–285.) The substance of the proceeding to partition lands is unchanged

by the Code, and the various steps provided by the Revised Statutes are to be taken in the same manner and the like proceeding had as if the form had not been changed, adapting the same as to the new form. (*Sandford* v. *White*, 56 N. Y. 359; *Hewlett* v. *Wood*, 62 id. 75; *Lyle* v. *Smith*, 13 How. 105; *Varian* v. *Stevens*, 2 Duer, 635; *Althause* v. *Radde*, 3 Bosw. 410; *Disbrow* v. *Folger*, 5 Abb. 53; *Rogers* v. *McLean*, 34 N. Y. 542.) It was sufficient to serve the summons upon the guardian *ad litem*, and not upon the infant. (R. S., p. 318, §§ 10, 14; Code, § 448; *Sandford* v. *White*, 56 N. Y. 359, 361.) The guardian *ad litem* having appeared and answered for the infant defendants, this was equivalent to an appearance by them in the action as absolutely as if they had been of full age and appeared by an attorney. (2 R. S. 317, § 3; Code, § 139; *Rogers* v. *McLean*, 34 N. Y. 542; *Varian* v. *Stevens*, 2 Duer, 635, 639; *Althause* v. *Radde*, 3 Bosw. 430, 435; 3 Sandf. 385.) The court had jurisdiction to pass upon the question of the sufficiency of the proof of title, and having adjudicated upon it, the judgment is not only valid, but cannot be questioned collaterally. (*Blakely* v. *Calder*, 15 N. Y. 619; *Skinnion* v. *Kelly*, 18 id. 355; *Schaettler* v. *Gardiner*, 47 id. 404, 406.)

DANFORTH, J. The object of this action was to compel the defendant to perform his agreement to purchase and pay for certain premises situate in the city of New York. The defendant by answer objected that the plaintiff's title was good as to only three undivided fifths thereof, that the remaining two-fifths were vested in certain children of Adele Gotendorf, deceased. Upon the trial it was conceded, among other things, that the said Adele died intestate June 28, 1865, seized of the premises in question, leaving her surviving, James N. Gotendorf, her husband, and certain children named or referred to in the answer. That in June, 1871, one of said children, Sylvanus by name, commenced an action in the Court of Common Pleas for the city and county of New York, against his father and brothers and sisters (children of said Adele), for a partition

and sale of said premises. At this time some of them were over fourteen years of age and others younger, but all were minors, and resided with their father at Hamburg, Germany. The judgment in the partition suit established the above facts, and by the admissions in this action it sufficiently appears that jurisdiction over the subject-matter was acquired by the court. Under its direction the premises were sold, and the plaintiff became the purchaser. It appears, however, that the summons in the partition suit was not served upon the infant defendants, either personally or by publication, and upon this omission the defendant here rests his objection.

The general law enacts that actions shall be commenced by the service of a summons (Code, § 127), and, if against a minor, under the age of fourteen years, requires that it shall be delivered to him personally, and also to his father, mother, or guardian, or, if there be none within the State, to any person having the care and control of him, or with whom he may reside, or in whose service he shall be (§ 134, sub. 2). In certain cases, where the person on whom the service of the summons is to be made cannot be found within the State, it may be made by publication (id., § 135), and a voluntary appearance by a defendant is equivalent to a personal service of the summons upon him (§ 139). In the case before us upon petition of the plaintiff in the partition suit, an order was made by the court that Mr. Dimmock be appointed guardian for the infant defendants, unless they, or some one in their behalf, should, within a time specified, after service upon them of the order, procure a guardian to be appointed, and directing that a copy of the order should be served upon the infants and upon their father. This was done, and no proceeding in the meantime having been taken by them, or in their behalf, for the appointment of a guardian, Mr. Dimmock, at the expiration of the time limited, was appointed guardian *ad litem* for the infant defendants, and filed a bond and qualified as such guardian. The summons in the partition suit was served upon him, and the infant defendants appeared in the suit by their guardian and answered the complaint. The ap-

pellant contends that this appointment was void, and in proof thereof cites subdivision 2, section 116 of the Code. Provision is there made for the appointment of a guardian *ad litem* for a non-resident infant, but it is urged that even in such a case the summons should have been first served. To that effect is the Special Term decision in *Glover* v. *Haws* (19 Abb. Pr. 161, note), cited by the appellant. That, however, was a foreclosure case, where the rule enforced is not necessarily applicable to proceedings for partition, and the correctness of the decision need not be considered. As to the proceedings for partition, the provisions of the Revised Statutes (vol. 2, p. 317, tit. 3, chap. 5) are in force, so far as they can be applied to the substance and subject-matter of the action, without regard to form (Code, § 1448; *Sandford* v. *White*, 56 N. Y. 359), and I can discern, in section 116 of the Code, no intention to depart from the rules laid down in'that act. It was provided by section 2 of the Revised Statutes, before referred to, that " if it shall be represented to the court, by any party intending to make such application for partition, that there are any minors who should be parties to the proceeding, and it should be proved to the court that at least ten days' notice has been served on such minors as reside within the State, or upon their general guardians, of an intention to apply for the order herein mentioned, such court shall thereupon appoint a suitable and disinterested person to be guardian for one or more of such minors, whether such minors shall reside in or out of the State, for the special purpose of taking charge of the interests of such minors in relation to the proceedings for a partition."

It will be observed that no previous notice is required to be given in the case of non-resident infants, and this I think is the true construction of the clause in subdivision 2 of section 116 of the Code, so far as it relates to non-resident infants affected by actions for partition. In such a case it provides " that when an infant defendant resides out of this State, the plaintiff may apply to the court, and will be entitled to an order designating a guardian *ad litem* for the infant defendant, unless such infant, or some one in his behalf, within a number of days speci-

fied in the order, " shall procure to be appointed a guardian for the infant, and the court shall give special directions in the order for the manner of the service thereof, which may be upon the infant." All this would be unnecessary if a previous service of the summons was required, and by the notice thus given the infant's rights are protected. When service of the summons upon the infant is required, as by the first clause of subdivision 2, section 116, its only effect is to limit the time within which he may apply for the appointment of a guardian. This result is reached as to non-resident minors, defendants, by the subsequent provisions of the same section above adverted to, under which the partition proceedings in the case before us were conducted. The order was made upon proper application, and a copy duly and personally served upon the infants, and upon their father. The latter appeared in the action by attorney, and the infants, not applying for the appointment of a guardian, the court appointed Mr. Dimmock to be their guardian upon the filing of a bond. This was done, and by him as their guardian, they appeared and answered. *This was sufficient, both under the Code* (§ 116), *and the Revised Statutes, above referred to.* By the latter (2 R. S. 317, § 3), it is provided that the guardians so appointed " shall represent their respective minors in the proceedings for partition hereby authorized, and his acts in relation thereto shall be binding on such minors, and shall be as valid as if done by such minors after having arrived at full age;" and by the Code (§ 116), after adding to the clause above cited provisions for the case of an infant residing in the State beyond mail communication, it is declared that " on such guardian *ad litem* process, pleadings and notices in the action may be served in the like manner as upon a party residing in this State." This provision may well be applied to a guardian for any minor non-resident defendant, appointed under that section, but if it does not, his duty would be as prescribed by the Revised Statutes, and would embrace this case.

The evidence upon the trial before the referee in the partition suit was sufficient to warrant the judgment, and there is no

suggestion that the rights of the infants have not been fully protected.

No defense in this action was made out, and the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.