RAYMOND M. MOULTON, Plaintiff, *v.* HENRY L. MOULTON, Appellant, Impleaded with FRANCIS J. MOULTON, an Infant, and Others, Defendants.

(DAVID DUNCAN and JOHN P. DUNCAN. Purchasers, Respondents.)

*Service of a summons — it cannot be served on a minor out of the State without an order of publication — when it will be presumed that the court did not consider it necessary to require its service upon a person designated by it, as provided for in section 427 of the Code of Civil Procedure.*

Upon the hearing of an application to compel a purchaser at a sale, under a judgment in partition, to complete his purchase, it appeared that one of the defendants, who was an infant over nineteen years of age, and temporarily at school at Berne, Switzerland, on being served with a summons made application to this court, in writing, for and secured the appointment of a guardian to protect his interests, stating in his affidavit that he had been served with a summons, that his father was dead and that he had no testamentary guardian and no guardian ad litem, and asking to have his uncle appointed his guardian *ad litem*.

*Held,* that as it appeared that no order for the service of the summons upon the infant in Switzerland by publication had been made, the service was unauthorized and the sale was void as to him.

*It seems,* that when, upon an application made for the appointment of a guardian, it is stated in the petition that the minor is an infant of the age of fourteen years and upwards, and no order is made by the court requiring a copy of the summons to be also delivered, in behalf of the minor, to a person designated in it, as provided in section 427 of the Code of Civil Procedure, it may be presumed that the court, in passing upon the application, did not consider it necessary to order a further service, as the section does not direct that such an order shall be made, but only provides that "the court may, *in its discretion,* with or without an application therefor, and in the defendant's interest, make the order."

APPEAL from an order made at a Special Term denying a motion to compel a purchaser to complete his purchase.

*B. T. Kissam,* for the appellant.

*G. S. Ormiston,* for the respondents.

BRADY, J. :.

The respondents purchased at a sale made pursuant to the judgment in this action which was one for the partition of lands, but refused to complete for two reasons. The first was that Francis J. Moulton, an infant over nineteen years of age, who was a necessary party and temporarily at school, in Berne, Switzerland, on being served with a summons made application to this court in writing for the appointment of a guardian to protect his interests. In his affidavit it was stated that he had been served with a summons, that his father was dead and that he had no testamentary guardian and no guardian *ad litem,* and asked to have his uncle appointed guardian *ad litem,* which was done.

By section 426 of the Code provision is made for the personal service of a summons upon a defendant, if an infant under the age of fourteen years, and it is declared that it must be made by delivering a copy to him and also to his father, mother or guardian, or if there be none within the State, to the person having the care and control of him, or with whom he resides or in whose service he is employed. By section 427 it is provided that when the defendant is an infant of the age of fourteen years or upwards, the court may, in its discretion, with or without application therefor and in the defendant's interest, make an order requiring a copy of the summons to be also delivered

in behalf of the defendant to a person designated in the order, and that the service of the summons shall not be deemed complete until it is so delivered. It is true that this section relates as well to a defendant who, by reason of habitual drunkenness or for any other cause, is mentally incapable adequately to protect his rights although not judicially declared to be incompetent to manage his affairs, and has relation therefore to the second subdivision of section 426, to which reference has been made, and which provides for service of the summons upon a person judicially declared to be incompetent to manage his own affairs in consequence of lunacy, etc.

It thus appears that when the infant is fourteen years and upwards the service must be made as indicated upon the infant and some person to be designated by the court in the exercise of its discretion. No application was made under the section and it appears to have been ignored.

It seems to be a very remarkable feature of the statute, but we must accept it as we find it, and give it its force as an existing impediment. Prior to the passage of the act of the legislature in 1880 (chapter 245), which repealed the provisions of the Revised Statutes for the partition of lands, it was held that jurisdiction over the person and property of infants was acquired by the appointment of a guardian in the first instance upon notice to such infants or their general guardian. It was considered that service of notice upon the infants was not indispensable to the exercise of discretion, and this resulted from the fact that the provisions referred to were by section 448 of the Code made applicable to actions for partition so far as they could be applied. In *Gotendorf* v. *Goldschmidt* (83 N. Y., 110) it was decided that personal service of the summons upon the infant was not essential to give the court jurisdiction, and thus a distinction was intimated between an action of foreclosure and an action for partition which was subsequently more fully declared. For in the case of *Ingersoll* v. *Mangam* (84 N. Y., 622), which was an action of foreclosure, it was determined that the provisions of section 416 (now under the present Code section 426) were applicable and that a defendant under fourteen must be served with a summons as therein prescribed, in order to acquire jurisdiction over him and his estate involved, and the distinction between such an action and an action for partition is referred to and stated, and it was held that

the voluntary appearance of the infant by the guardian was not sufficient to confer jurisdiction and that the order was unauthorized inasmuch as from the failure to serve the summons in the manner required by the section the court acquired no jurisdiction over the infant or to appoint a guardian *ad litem.*

The repeal of the provisions of the Revised Statutes already referred to, placed the proceedings in partition upon the same statutory enactment which govern other actions and therefore it is required that the service upon the infant shall be as declared by the Code.

There was no order made in this case, as contemplated by section 427 of the Code, and therefore the infant was not properly served with the summons, and the court acquired no jurisdiction over him. In the case of *Schriver* v. *Schriver* (12 Weekly Dig., 328), the petition of the infant for the appointment of a guardian was verified on the 30th of April, 1880, and before the passage of the act of 1880, and the application was therefore properly granted in accordance with what was then the practice. It is no longer an authority upon the subject of this appeal, in consequence of the change accomplished by the act of 1880. The result of these considerations is that the judgment under which the sale was made was invalid, and that the purchaser was properly relieved from any obligation to complete the purchase.

For these reasons the order appealed from must be affirmed with ten dollars costs and disbursements.

Van Brunt, P. J., and Daniels, J., concurred.

Brady, J.:

A reconsideration of this case has led to the conclusion that the judgment heretofore declared herein is correct, but it results from the failure of the plaintiff so to serve the summons as to acquire jurisdiction. The minor was absent from this State and in Switzerland, where it was served upon him and without any order of publication existing. This was unauthorized under the provisions of the Code of Civil Procedure (§§ 426, 427). The failure to apply for an order as to additional service under the provisions of the last section mentioned, was, for

these reasons, unnecessary, and if made it would not, under the circumstances, have corrected the error suggested. The decision herein, therefore, so far as it embraces that question, was not requisite to the disposition of the appeal. Further consideration of that question leads to this conviction, namely, that when the application is made for the appointment of a guardian and it appears in the petition that the minor is fourteen years and upwards, it may very well be presumed, when no order thereto is made, that the court passing upon the application did not consider it necessary to order a further service. This arises from the language of the section that the court may, in its discretion, with or without an application therefor make an order requiring a copy of the summons to be delivered to some person designated in the order. The judgment pronounced must be sustained but for the reasons now stated.

VAN BRUNT, P. J., concurred.

Order affirmed with ten dollars costs and disbursements.