(85 App. Div. 324.)

### O'DONOGHUE et al. v. SMITH et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. PARTITION—JURISDICTION.

A testator gave to his executors the residue of his estate, authorized the sale of the realty, directed the executors to apply the income to the use of certain children, equally, during their minority, and to pay to each child, on becoming of age, his or her share. He provided as to the share of any child dying before the division, and for disposing of the accumulation of the share of a child during infancy. By a codicil, the testator revoked the authority of the executors to sell the real estate. *Held*, that the court had jurisdiction of a suit for the partition of the real estate, instituted during the minority of some of the children by one of the children of full age.

2. SAME—INFANT DEFENDANT—GUARDIAN AD LITEM—APPOINTMENT.

Code Civ. Proc. § 448, declares that the provisions of the Revised Statutes relating to the partition of land shall be applicable to actions brought under the Code. Rev. St. (1st Ed.) tit. 3, pt. 3, c. 5, § 1, provides that, when several persons hold lands as joint tenants or tenants in common, any one of them, being of full age, may bring partition. Section 2 provides that, if there are minors who should be parties, on 10 days' notice, served on the minor if within the state, or on his general guardian, the court may appoint a guardian ad litem. An action for partition was brought against an infant and her mother. At the commencement of the suit the infant resided in another state, where service was made on her. The mother, on her petition, was appointed guardian ad litem for the infant, and appeared in the suit. At the time of the appointment of the guardian an affidavit was presented to the court, averring that service had been made on the infant, but where or when did not appear. *Held*, that the court acquired jurisdiction of the infant, the manner of the appointment of the guardian ad litem being a mere irregularity.

Appeal from Trial Term, New York County.

Action by Margaret A. O'Donoghue, William O'Donoghue, and James O'Donoghue against Annie A. Smith and others. From a judgment dismissing the complaint as to William and James O'Donoghue they appeal, and from a judgment in favor of Margaret A. O'Donoghue defendants appeal. Affirmed on plaintiffs' appeal, and reversed on defendants' appeal.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for plaintiffs.
H. Aplington, for defendants.
Frank W. Hackett, for the Smithsonian Institution.

PATTERSON, J. This is an action in ejectment, the plaintiffs seeking to recover the possession of three-sevenths of the premises

at the northeast corner of Washington and Rector streets, in the city of New York, and particularly described in the complaint, each plaintiff claiming to be entitled to an undivided one-seventh part thereof. The plaintiffs are three of the children of Michael O'Donoghue, who died April 6, 1860, seised of such premises. By his last will and testament he disposed of all his estate. After giving legacies and creating an annuity, he gave to his executors all the rest, residue, and remainder of his estate, real, personal, and mixed, in trust to sell all the real estate, it being his expressed intention that the same should be deemed converted into personalty from the time of his decease. His executors, as trustees, were directed to pay all mortgages and incumbrances on the real estate, and to invest the personal estate and the proceeds of real estate, after satisfying mortgages and incumbrances, on bond and mortgage, or in the public stocks of the United States or of the state of New York or of the city of New York, to receive the rents and profits of real estate until the same should be sold, and to receive the income of the personalty and of the proceeds of real estate, and to divide the personal estate and the proceeds of real estate into eight shares, to apply the interest, issue, and income thereof, severally, to the use of his eight children, one share for each child, during his or her minority, and, upon each of the children attaining lawful age, to pay over to such child his or her equal share, with direction with regard to the share of any child dying previous to the division, leaving descendants or otherwise. The will also contained a provision for disposing of the accumulation of the share of a child during infancy, over and above the amount required for education and support. By a codicil to the will—which codicil was duly proven—the testator revoked the direction and authority to the executors to sell all his real estate, and confined it solely to three specific pieces of property. The locus in quo in this action is not one of those three pieces. The power of sale not applying to the premises described in the complaint in this action, the will of the testator is susceptible of the construction that trusts were created in independent shares of the testator's infant children, and that the trust estates were inalienable during the infancy of the beneficiaries.

In September, 1869, John T. O'Donoghue, a son of the testator, brought, in the Supreme Court, an action for the partition of real property of which his father had died seised, including the premises in question here. In that action Ann O'Donoghue, the widow and executrix, was made a defendant, as were also the brothers and sisters of John T. O'Donoghue, the three plaintiffs in the present action, namely, Margaret Ann, William, and James O'Donoghue, being among them. At that time James O'Donoghue and William O'Donoghue were infants over the age of 14 years. Upon their petition, their mother was appointed their guardian ad litem. Margaret Ann O'Donoghue was an infant under the age of 14 years, and it seems that on a petition of her mother, Ann O'Donoghue, the petitioner was appointed guardian ad litem for that infant. What occurred with respect to the appointment of Mrs. O'Donoghue as guardian for her daughter, Margaret Ann O'Donoghue, will be hereinafter referred to more in detail. The partition action proceeded to a decree. Mean-

time, Joseph, one of the children of the testator, had died intestate. It was adjudged that, the property being insusceptible of specific division or partition, it should be sold, and proceedings were had which eventuated in a sale by a referee of the premises in question here to Thomas G. Hodgkins, who complied with the terms of his purchase, and received a referee's deed of the premises, which is dated April 29, 1870. Hodgkins entered into possession under that deed, and remained so in possession until the 29th of May, 1871, when he conveyed the same to Edward Smith, who during his lifetime made improvements upon the property, of considerable value, aggregating about the sum of $30,000 or $35,000. Edward Smith remained seised of the premises until his death, in or about the year 1890. His will was proven in the Surrogate's Court of New York county on April 30, 1890. By it he devised the premises in question in this action to his wife, Anna E. Smith, and to his four children. One of the children conveyed her interest to her mother and brothers, who are defendants here. These defendants are therefore in possession, and claim under the referee's deed made in 1870 to Hodgkins.

On the trial of the present action, the plaintiffs contended that no title was conferred by the referee's deed, for the reason that the proceedings in the partition suit were void, and that the sale of the infants' real estate in partition was contrary to law and forbidden by statute (2 Rev. St. p. 195, pt. 3, c. 1, tit. 2, § 176); that, by the terms of the will of Michael O'Donoghue, the trust or trusts therein created were indestructible during the infancy of the beneficiaries, and the court was not only without power, as distinguished from jurisdiction, but was also without jurisdiction to impair or destroy those trusts. If the court had jurisdiction, the method by which it was exercised, as affecting the interests of the two present plaintiffs William and James O'Donoghue, was sufficient to authorize a decree. Whether the court had jurisdiction at all is a question as to which, upon this very will, the Court of Appeals stands equally divided. O'Donoghue v. Boies, 159 N. Y. 87, 53 N. E. 537. That was an action in ejectment, and title was claimed by the plaintiff therein under a deed in a partition action in which the same infants were defendants. The decision of that case did not turn upon the question of jurisdiction, but it was fully considered and discussed in very learned and elaborate opinions. We have had occasion to comment upon those opinions, and what we said in Livingston v. Livingston, 56 App. Div. 484, 67 N. Y. Supp. 789, affirmed 166 N. Y. 601, 59 N. E. 1125, has committed us to the view expressed by those judges of the Court of Appeals who concluded that jurisdiction was acquired in the partition action. The court having had jurisdiction, and the proceedings having been such as conformed to the requirements of law, William and James O'Donoghue are concluded by the decree in the partition action, and are bound by the conveyance made by the referee pursuant to that decree. We are thus led to the affirmance of the judgment dismissing the complaint as to them.

The court below directed a verdict in favor of the plaintiff Margaret Ann O'Donoghue for the possession of an undivided one-seventh part of the property described in the complaint, and for the

sum of $11,330, that being, by stipulation, one-seventh of the rents and profits of the premises. The important question is as to the right of the plaintiff Margaret Ann O'Donoghue (now Trigg) to recover at all. Her contention, recognized by the court below, is that jurisdiction never was obtained over her, and consequently no authority was ever acquired to sell or dispose of her interest in the premises described in the complaint. The specific ground of this contention is that the appointment of her mother as her guardian ad litem was without authority, was void, and may be attacked collaterally. If that appointment were a mere irregularity, it could not be taken advantage of at this late day, as appears to have been decided in Parish v. Parish, 175 N. Y. 181, 67 N. E. 298. But the real inquiry is whether the defect in the appointment of a guardian ad litem for this infant defendant, if one exists, is a jurisdictional defect. The solution of that question depends upon the law as it existed at the time the partition suit was brought. At that time, the law applicable to the appointment of a guardian ad litem in such a suit was to be found in the Code of Procedure and in the Revised Statutes. It may be assumed that it is a general rule in all actions, unless otherwise provided, that a guardian ad litem cannot be appointed for an infant defendant unless previous service of the summons has been made upon such infant in the manner specifically pointed out in various provisions of the Codes of Procedure. But with respect to an action of partition brought in 1869, the provisions of the Revised Statutes relating to the partition of lands were in force. By section 448 of the Code of Procedure, it was enacted that the provisions of the Revised Statutes relating to the partition of lands, etc., shall apply to actions for such partition brought under that Code, so far as the same could be so applied to the substance and subject-matter of the action, without regard to its form. It was held in Varian v. Stevens, 2 Duer, 637, that the appointment of a guardian ad litem in a partition suit was regulated by the Revised Statutes in relation to the partition of lands, and must be made by the court. The sections of the Revised Statutes applicable were the first and second sections of title 3 of part 3 of chapter 5, entitled "The Partition of Lands Owned by Several Persons." It was enacted by section 1 that, when several persons held lands, etc., as joint tenants or tenants in common, in which one or more of them should have an estate of inheritance, any one of them, being of full age, might present a petition, to a court designated, for a division and partition of the premises according to the respective rights of the parties interested, and for a sale of the premises if actual partition could not be made, and by section 2 it was provided that, if it shall be represented to the court by any party intending to make such application that there are any minors who should be parties to the proceedings, and it shall be satisfactorily proved to the court that at least 10 days' notice has been served upon such minors as reside within this state, or upon their general guardians, of an intention to apply to such court for the order therein mentioned, such court may thereupon appoint a suitable and disinterested person to be guardian for one or more of such minors, whether the said minors shall reside in or out of this

state, for the special purpose of taking charge of the interests of such minors in relation to the proceedings for a partition.

Under the provisions of the Revised Statutes it was held, in Gotendorf v. Goldschmidt, 83 N. Y. 110, that a guardian ad litem for infant parties in a partition suit might be appointed without the prior service of a summons on such infants, and in commenting upon that case in Ingersoll v. Mangam, 84 N. Y. 627, the Court of Appeals said:

"The provisions of the Revised Statutes relating to the partition of lands were, by section 448 of the Code of Civil Procedure, made applicable to actions for partition, so far as the same can be so applied to the substance and subject-matter of the action, without regard to form; and in Gotendorf v. Goldschmidt, 83 N. Y. 110, it was held that, under the provisions of the Revised Statutes and of the Code in force when that action was commenced, personal service of the summons upon an infant defendant in an action for partition was not essential to give the court jurisdiction."

Ingersoll v. Mangam was a foreclosure suit, in which it was held that jurisdiction was not acquired by the appointment of a guardian ad litem for an infant defendant, without previous service of a summons on the infant. The remarks above quoted were made to point out the difference between such an action and one in partition.

How far the law has been changed or modified since the enactment of the Code of Civil Procedure, it is unnecessary to inquire. The petitioner in the partition suit, under which rights are claimed in this case, was interested in the estate. An affidavit was presented to the court, at the time her appointment as guardian ad litem was made, to the effect that service had been made upon the infant defendant, but when or where was not stated. The application was not made by the plaintiff in the partition suit, but the facts were put before the court. The method by which the application came before the court was an irregularity. It appeared on the trial of the present action that the infant, Margaret Ann O'Donoghue, at the time of the commencement of the partition suit, was in Virginia, and that the service had been made on her there; but, as remarked in Gotendorf v. Goldschmidt (supra), there was no requirement in the Revised Statutes that service should be made upon nonresident minors at all. A failure to comply with merely directory matters in that statute would constitute an irregularity, and would not go to the jurisdiction. After the appointment of the guardian ad litem in that action she appeared therein, and that was equivalent to an appearance of the infant.

We think, therefore, that the interest of the plaintiff Margaret Ann O'Donoghue was represented in the partition suit, and that the decree was binding upon her, and that the purchaser at the sale acquired title to that interest, and that the judgment awarding to her possession of the property and mesne profits should be reversed, and a new trial ordered, with costs to abide the event.

The judgment dismissing the complaint on the merits as to William and James O'Donoghue is affirmed, with costs, and the judgment in favor of the plaintiff Margaret Ann O'Donoghue (now Trigg) is reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.