MARGARET A. O'DONAGHUE et al., Appellants, *v.* ANNIE A. SMITH et al., Respondents.

1. WILL — CONSTRUCTION OF CLAUSES CREATING TRUSTS FOR BENEFIT OF CHILDREN — WHEN POWER TO PARTITION AND ALLOT REAL ESTATE, GIVEN TO TRUSTEE, INVOLVES POWER TO SELL.֊ Where a testator, after bequeathing an annuity and several legacies, charging them upon his realty if the personalty should be insufficient, gave the rest of his estate, real and personal, to his executors in trust, directing them to sell the realty and convert it into personalty, and to divide the net estate into eight equal shares and pay the income of one thereof to each of his eight children during minority, and upon each child attaining majority to pay over to such child his or her share, and further provided that whenever any child should attain lawful age or die under lawful age, to make partition of his real estate and allot and set apart to each child attaining lawful age, or to the heirs of a child dying under lawful age, his or her share of the real estate; and by a subsequent codicil testator revoked the provision authorizing the sale of all his real estate and directed his executors to sell three parcels only, and use the proceeds thereof to pay the mortgages on the remainder, expressly stating that he did not intend to alter the beneficial interests of his children in the land or the trusts established for their benefit, but ratifying and confirming the same, so that the executors still had the power to make partition of the real estate and allot the same among the testator's children or their heirs, as originally provided, such power to partition necessarily carries with it the power to sell, where the real estate is so situated that actual partition cannot be had, and the power given to the executors devolves upon the court if, for any reason, they are disqualified or refuse to act.

2. SAME — ACTION TO PARTITION AND SELL REAL ESTATE AFTER SOME OF THE CESTUI QUE TRUSTENT HAVE BECOME OF AGE — POWER OF COURT — WHEN JUDGMENT THEREIN IS RES ADJUDICATA AGAINST PARTIES THERETO. Where an action for the partition and sale of testator's real estate was instituted ten years after his death by the

eldest of his children who was also one of his executors, one of the other children having died and four of them having become of age and desiring their shares of the estates paid over to them, and the trust; as to them, terminated, such children and the widow being made parties to the action, the infant defendants appearing by their guardians *ad litem,* who put in the usual answer submitting their rights and interests to the protection of the court, the judgment of partition and sale rendered in such action is *res adjudicata* and a bar to an action of ejectment afterward brought by such infant defendants to recover their proportionate shares of testator's real estate, since the court was required to examine the provisions of testator's will and determine whether or not a sale of his real estate was prohibited or longer postponed, and having determined those questions in the negative, it had the power to order judgment in accordance therewith; if the court erred in such determination the error could have been corrected by an appeal, but when this was not done, such judgment became final and conclusive upon the parties, and cannot, in the absence of fraud, be questioned collaterally.

3. Same — When Judgment of Sale in Such Action of Partition Is Not in Contravention of Provisions of Will. The contention, that the judgment of sale in such action of partition is void because it violates the provisions of the statute prohibiting the sale of the real estate of infants in contravention of a will or deed under which their estate is created, is untenable, since the statute has no application where there are adult tenants in common who have an immediate right to the possession of their share; if all the tenants in common derive their estate through the same will or deed, and if, under the instrument, when one becomes of age he is entitled to have his share, he may maintain partition and have a sale, if necessary, for it no longer would be in contravention of the instrument, but in accordance with its provisions, giving to him the immediate right to possess his share.

4. Same — Service of Summons on Infant Residing Out of the State — When Regular Under the Statute in Force in 1869 (Code Pro. § 448 and 2 R. S. Part 3, Ch. 5, Tit. 3, § 12). Where the statutes relating to actions in partition in force in 1869 (Code Pro. § 448, and 2 R. S. part 3, ch. 5, tit. 3, § 12) provided that if any of the parties were unknown or if either of the known parties were minors or of full age residing out of the state, service could be made by publication, or instead thereof, with respect to any known absent party, the petition and notice (under the Code, summons and complaint) might be served personally out of this state, forty days previous to its presentation, without publishing the same, the due and timely service of the summons in an action of partition commenced in 1869 upon an infant defendant and on the person with whom such infant was temporarily residing out of the state, was regular and gave the court jurisdiction of such infant, especially where her mother, with whom she resided when at home within this state,

thereafter petitioned, as the next friend of such infant, to be appointed her guardian *ad litem,* and was regularly appointed such guardian and appeared in the action by an attorney who interposed the usual answer submitting the rights and interests of such infant to the protection of the court; the fact that the original affidavit of the service of the summons was defective by reason of the omission of the jurat of the commissioner of deeds before whom it was taken is immaterial where it was subsequently cured by another affidavit which, under an order of the court, was filed *nunc pro tunc* as of the date of the first affidavit.

*O'Donoghue* v. *Smith,* 85 App. Div. 324, affirmed.

(Argued March 14, 1906; decided March 27, 1906.)

APPEAL by Margaret A. O'Donaghue from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 22, 1903, reversing a judgment in her favor entered upon a verdict directed by the court and granting a new trial.

Appeal by William O'Donaghue and James O'Donaghue from a judgment of said Appellate Division, entered October 22, 1903, affirming a judgment entered upon a dismissal of the complaint as to them by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin F. Tracy* and *Frederick A. Card* for appellants. The sale in the partition suit was void as to plaintiffs, and defendants derived no title therefrom. (*Hughes* v. *Cummings,* 165 N. Y. 91; *Matter of Leggat,* 162 N. Y. 437; *Hovey* v. *Elliott,* 145 N. Y. 126; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; Herman on Estoppel, 373; *Matter of Lange,* 18 Wall. 163; *Bigelow* v. *Forest,* 9 Wall. 339; *United States* v. *Walker,* 109 U. S. 258; *Windsor* v. *McVeigh,* 93 U. S. 274; *Risley* v. *Phœnix Bank,* 83 N. Y. 318.) Defendants' plea of *res adjudicata* is not sustained by the proof. (Kuhn Chand on Res Adjudicata, 397, § 167; Black on Judgments, § 218; *Elliott* v. *Perssal,* 1 Pet. 340; *Seed* v. *Johnston,* 63 App. Div. 340; *Reynolds* v. *A. Ins. Co.,* 160 N. Y. 635; *Rudd* v. *Cornell,* 58 App. Div. 207; 171 N. Y.

114; *Stokes* v. *Foote,* 172 N. Y. 327; *C. Co.* v. *Beckwith,* 167 N. Y. 329; Freeman on Judgments [4th ed.], 441, 442, § 249; *Burdick* v. *Post,* 12 Barb. 168; *Campbell* v. *Consalus,* 25 N. Y. 613; *Fairweather* v. *Busling,* 181 N. Y. 117; *W., etc., Co.* v. *Sickles,* 5 Wall. 580; *Russell* v. *Place,* 94 U. S. 606.) Even if the partition judgment be not held void *in toto* it was void as to Margaret because no jurisdiction of her person was acquired therein. (*Ladow* v. *Groom,* 1 Den. 429; *Darrow* v. *Calkins,* 154 N. Y. 503; *N. Y. Ins. Co.* v. *Bangs,* 103 U. S. 435; *Uhl* v. *Langhorn,* 14 Civ. Pro. Rep. 344; *Kendall* v. *Washburn,* 14 How. Pr. 380; *Guarantee Co.* v. *Philadelphia Co.,* 160 N. Y. 1; *Pinckney* v. *Smith,* 26 Hun, 524; *Hoyle* v. *Hoyle,* 49 Hun, 313; *Taylor* v. *Lynne,* 162 N. Y. 513; *Dutton* v. *Smith,* 10 App. Div. 566; *Needham* v. *Thayer,* 147 Mass. 536.) The will and the statute forbade a sale of the infants' lands in the partition action. (*Matter of Green,* 153 N. Y. 223; *Williams* v. *Jones,* 166 N. Y. 522; *Young* v. *Langbien,* 7 Hun, 151; *Taylor* v. *Grange,* 43 L. T. [N. S.] 233; *Van Brunt* v. *Van Brunt,* 111 N. Y. 178; *Vanderpoel* v. *Loew,* 112 N. Y. 167; *Stevenson* v. *Leslie,* 70 N. Y. 512; *Gilman* v. *Reddington,* 24 N. Y. 9; *Bliven* v. *Seymour,* 88 N. Y. 469; *Durfee* v. *Pomeroy,* 154 N. Y. 583.)

*H. Aplington* for respondent. The judgment in partition is a bar to the plaintiff's action. (*Maples* v. *Mackey,* 89 N. Y. 146; *Bosworth* v. *Vandewalker,* 53 N. Y. 597; *Schaettler* v. *Gardiner,* 47 N. Y. 404; *Patrick* v. *Shaffer,* 94 N. Y. 423; *Leavitt* v. *Wolcott,* 95 N. Y. 212; *Brevoort* v. *Brevoort,* 70 N. Y. 136; *Howell* v. *Mills,* 56 N. Y. 226; *Reed* v. *Reed,* 107 N. Y. 545; *Woodhull* v. *Little,* 102 N. Y. 165; *Hunt* v. *Hunt,* 72 N. Y. 217; *Jordan* v. *Van Epps,* 85 N. Y. 434.) The contention that the court had no jurisdiction of the person of Margaret Ann O'Donaghue in the partition action cannot be sustained. (*Ingersoll* v. *Mangam,* 84 N. Y. 622; *Croghan* v. *Livingston,* 17 N. Y. 218; *Livingston* v. *Livingston,* 56 App. Div. 484; *Parish* v. *Parish,* 175 N. Y. 181.)

*Frank W. Hackett* for Smithsonian Institution, intervening.   The court in the partition suit had complete jurisdiction. Its decree was valid, even had the O'Donaghue will forbidden a sale.   (*Muller* v. *Struppeman*, 6 Abb. [N. C.] 348 ; *Rogers* v. *Dill*, 6 Hill, 415.)   The judgment in partition is conclusive, and cannot be collaterally attacked.   (*Blakeley* v. *Calder*, 15 N. Y. 61 ; *Gallatian* v. *Cunningham*, 8 Cow. 361 ; *Howell* v. *Mills*, 56 N. Y. 229 ; *Horton* v. *McCoy*, 47 N. Y. 21 ; *Livingston* v. *Livingston*, 56 App. Div. 484 ; 166 N. Y. 601 ; *Hughes* v. *Cumming*, 165 N. Y. 91 ; *Corbin* v. *Baker*, 167 N. Y. 128 ; *Parish* v. *Parish*, 175 N. Y. 180.) The court had jurisdiction of the person of the infant Margaret O'Donaghue.   (*Ferguson* v. *Crawford*, 86 N. Y. 611 ; *Bosworth* v. *Vandewalker*, 53 N. Y. 597 ; *Phillips* v. *Gorham*, 17 N. Y. 270 ; *Washbon* v. *Cope*, 144 N. Y. 287 ; *O'Conner* v. *Felix*, 87 Hun, 179.)

HAIGHT, J.   This is an action of ejectment brought by the plaintiffs to recover three-sevenths of the property described in the complaint, each claiming to be the owner of an undivided one-seventh thereof.

Michael O'Donaghue died in the city of New York on the 8th day of April, 1860, seized and possessed of the property in question, leaving a last will and testament with three codicils, all of which were duly admitted to probate in the county of New York.   He left him surviving a widow, and the plaintiffs and five other children, one of whom subsequently died.

In September, 1869, an action was commenced by John T. O'Donaghue, one of the children of the testator, for a partition of the real property of which his father died seized, making his mother, the widow of such testator, as executrix and individually, a party defendant together with his brothers and sisters, including the plaintiffs, who were then infants. In that action the plaintiffs in this action appeared by their guardians *ad litem*, who interposed the usual answer submitting their interests to the care of the court.   This action

resulted in a judgment for a sale of the premises, upon the ground that they were so situated that actual partition could not be had; and upon such sale they were struck off to Thomas G. Hodgkins, who subsequently, in May, 1871, conveyed the same to Edward Smith, who subsequently died, leaving a last will and testament, devising the same to the defendants herein. The plaintiffs contend that the sale of the premises under the partition judgment was in violation of the provisions of the statute, to the effect that no real estate, or term for years, shall be sold, leased or disposed of in any manner against the provisions of any last will, or of any conveyance, by which such estate or term was devised or granted to such infants. (2 R. S. 195, § 176.) This contention is controverted by the defendants, who, among other defenses, set up that the judgment in the partition action is *res adjudicata* and a bar to the rights of the plaintiffs to recover in this action.

The will of Michael O'Donaghue contains provisions for an annuity to be given to his widow during life, bequeaths a number of legacies to other persons, which are made a charge upon his real estate in case the personalty should prove insufficient, and then by the eighth clause he provides as follows: " I give, devise and bequeath to my executors all the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate upon the trusts nevertheless and for the purposes and intents and with the powers following, that is to say: Upon trusts to sell all my real estate or any part thereof at such time or times and upon such terms at public or private sale, for cash or upon credit, with security by mortgage as to my executors shall seem prudent, it being my intention that my real estate shall be deemed converted into personalty from the time of my decease, and to pay all expenses of such sale and all mortgages and encumbrances on my real estate, and to invest my personal estate and the proceeds of my real estate or so much thereof as shall remain after satisfying the mortgages and encumbrances thereon on bond and mortgage or in the public stocks of the United States or of the State of New York, or of the City of

New York, and to receive the rents and profits of my real estate until the same shall be sold, and also to receive the interest, dividends and income of my personal estate and of the proceeds of my real estate, and to divide my said personal estate and the proceeds of my real estate into eight equal shares, and to apply the interest, issues and income thereof severally to the use of my eight children, one share for each, during his or her minority; and upon each of my said children attaining lawful age, to pay over to such child his or her share of my said estate."

He then provides for the disposition of the share of any child who should die before attaining majority, and by the ninth clause provides: "I further authorize and empower my executors whenever any of my children shall attain lawful age or die under lawful age to make partition of my real estate and to allot and set apart to such child so attaining lawful age or to his or her descendants or surviving brothers and sisters or their descendants if such child die under lawful age his or her equal share of my estate."

By a codicil dated the 23d day of January, 1860, he provided: "Whereas, by my said will I have directed the sale of all my real estate in the City of New York. I now revoke said direction and authorize my executors to sell only my lands and premises known as Number one hundred and twenty Broome Street front and rear, number Ninety-one Cherry Street and Number one hundred and Ninety-one Elm Street, all in the City of New York, the proceeds of which sales shall be applied to the payment of mortgages on my other real estate. I do not intend by this change to alter the beneficial interest in said lands or the trusts and devises contained in the eighth clause of my said will, but design that the said lands not sold and the income thereof shall be held by my executors under the same trusts, provided in said clause in relation to the proceeds, of said lands, in case of sale." And then, after inserting some provisions not material to the question under consideration, he finally concludes with these words: "In all other respects I ratify and confirm my said will."

The other codicils pertain to the appointment of executors, and do not require consideration.

It will be observed that, by the provisions of the will, it was the intention of the testator to convert into personalty all of his real estate and that the power of sale given to the executors was for this purpose. It was this imperative power that he revoked by his codicil, except as to the three parcels therein specifically described, and as to those he continued the imperative power to sell and to apply the proceeds in the payment of the mortgages upon the other real estate owned by him. But in revoking the power to sell the whole, and limiting it to the three parcels specified, he expressly states that he does not intend to alter the beneficial interests of his children in the land or the trust contained in the eighth clause of his will, but in express terms he ratifies and confirms the same. We, therefore, have the trust provided for by the will remaining undisturbed by the codicil, and by it the personal estate and the proceeds of the real estate are divided into eight equal shares, being the number of children that he then had living, with explicit directions to apply the interest, issue and income thereof severally to the use of such children, one share for each during his or her minority, and then upon each child attaining lawful age, to pay over to such child his or her equal share of his said estate, and then, in order to enable the executors to carry out his will, with reference to paying over to each child, as he or she attains lawful age, he further expressly provides that they may make partition of his real estate and allot and set apart to each child or to his or her descendants the share of the trust estate designed for such child.

The will contains no other limitation of the power to sell.

The testator died seized of a large quantity of real estate. It is said that there were sixteen parcels in the city of New York and some elsewhere. Apparently, he had little personal estate and, therefore, charged the legacies given by his will upon the real estate. Some of his real estate was incumbered with mortgages and, therefore, he found it necessary, in order to pay up the mortgages, to imperatively require

the sale of certain of his real estate. It is, thus, apparent that, in providing for the payment over to a child on his arriving at his majority of his share of the estate, he contemplated the payment to be made out of the real estate or the proceeds thereof. The trust created, as we have seen, is several, for the benefit of each child and terminates as to each child when it arrives at age.

It is contended that, by the codicil, the testator only intended to revoke the *imperative* power of sale, leaving with the executors a discretionary power to be exercised when necessity required; however that may be, we shall assume for the purposes of this case that the power of sale given to the executors by the eighth clause of the will, whether imperative or discretionary, was absolutely revoked. What then was the situation? All of the testator's children were minors. The trust created included the real estate without a power of sale, which continued until one of his children became of age, at which time the trust terminated as to such child and the executors were required to pay over to such child its share; and on the happening of that event the testator, doubtless for the purpose of enabling the executors to perform his requirement in that regard, authorized them to make partition of his real estate. The power to partition necessarily carries with it the power to sell where the real estate is so situated that actual partition cannot be had, and the power given to the executors to partition devolves upon the court if, for any reason, they are disqualified, unable or refuse to act.

The partition action, to which we have alluded, was not brought until ten years after the testator's death. At that time four of his children had become of lawful age and one had died. The four adult children were entitled to have their shares of the estate paid over to them and the trust, as to them, terminated. The executors, at that time, consisted of only the widow and the testator's eldest son, who was a party interested and entitled to his one-seventh share of the trust estate. The widow had not seen fit to move in the matter. The adults naturally wanted their estate. It was under these

circumstances that John T. O'Donaghue, one of the executors, instituted the action, bringing all of the interested parties before the court. It appears to us that the action was not only authorized, but at that time there was no provision in the will that further postponed the power of sale.

Was the partition judgment *res adjudicata* and a bar? We think it was. We shall not attempt to review the discussion of this question which took place in the case of *O'Donoghue v. Boies* (159 N. Y. 87) or allude to the authorities there considered, for, assuming the rule to be as claimed by the appellants, that the court must not only acquire jurisdiction of the parties and of the subject-matter, but in partition cases must also have statutory authority to award the judgment entered, the question still remains for determination as to whether the court did have such jurisdiction and power. That the court did acquire jurisdiction of the parties and of the subject-matter is not questioned, except as to the infant Margaret Ann, whose case we shall consider farther on. But it is contended that the court had no jurisdiction to order a sale of the real estate in contravention of the provisions of the last will and testament by which the estate was created. That depends upon the provisions of the will and the interpretation that should be given to it. The statute has authorized the court to sell when the real estate is so situated that partition cannot be had. All of these plaintiffs were infant defendants in that action and appeared by their guardian *ad litem* who put in the usual answer submitting their rights and interests in the premises to the protection of the court. The duty then devolved upon the court of not only determining the nature and character of their estates, but also of protecting their interests therein. The court was required to ascertain the facts from the provisions of the will and determine whether or not a sale was prohibited or longer postponed, and having determined these questions it had the power to order judgment in accordance therewith. It was like an issue triable in the case, and if the court erred in the determination of the questions the error could be corrected by an appeal, but other-

wise the judgment entered became final and conclusive upon the parties and cannot, in the absence of fraud, be questioned collaterally.

There is still another answer to the appellants' contention herein, and that is, that the provisions of the statute prohibiting the sale of the real estate of infants in contravention of a will or deed under which their estate is created, has no application where there are adult tenants in common who have an immediate right to the possession of their share. A tenant in common cannot, by his deed or will, impair or postpone the rights of his co-tenants to have and fully enjoy their shares of the real estate. He cannot, by a devise or grant to his children, or other persons, postpone the power of alienation during two lives or for any other period and thereby prevent a partition or a sale, where the property is so situated that the court would be required to order a sale, and thus prevent his co-tenants from having the remedy given them by the statute. If all the tenants in common derive their estate through the same will or deed, and if, under the instrument, when one becomes of age he is entitled to have his share, he may maintain partition and have a sale, if necessary, for it no longer would be in contravention of the instrument, but in accordance with its provision, giving to him the immediate right to possess his share. It is only where the tenants in common derive their estate through a deed or will, where all are infants or in which the right of division and possession of the adult, as well as the infant, tenants in common are postponed until the happening of a specified event, that the statute applies.

It is true that, under the provisions of the law of 1785 (Ch. 39), it is provided that no division or sale shall be made contrary to the intention of any testator, as expressed in his last will and testament. But, upon the revision of the statutes in 1813, the prohibition referred to was eliminated from the chapter on partition and inserted in the statute authorizing a sale of lands of infants. (2 R. S. 195, § 176; 2 R. S. 315.) And so it remains under the Code. (Code Civ. Pro.

§§ 1564, 2357.) Under the Revised Statutes no one but adults could institute an action for partition. Infants, therefore, could not, through their guardian, institute an action and thus evade the prohibited provision, as was attempted in the case of *Muller* v. *Struppman* (6 Abb. N. C. 343).

We are aware that the legislature, in recent years, have given the infants the right to institute partition, upon first obtaining leave of the court showing that they will be benefited thereby; but this leave should only be granted in a clear case upon showing a necessity therefor, and in cases where the prohibition of the statute does not apply.

The appeal taken by Margaret Ann O'Donoghue brings up for review the question as to whether the court in the partition action obtained jurisdiction, so far as she was concerned. She was, at that time, an infant under fourteen years of age. The affidavit, attached to the judgment roll, of Alice V. Leavitt is to the effect that on the 5th day of October, 1869, she served the summons upon the defendant Margaret Ann O'Donaghue and on Mother Borgie, with whom the said Margaret resided, by delivering to each of them a copy of said summons and at the same time showing to each of them the original; that the service was made at the Academy of Visitation, where they resided, and that she was acquainted with the defendant Margaret and knew her to be one of the defendants.

It will be observed that the proof of service does not show where the service was made further than that at the Academy of Visitation. Where the academy was located does not appear in the record of that action. Upon the trial of this action, however, evidence was given tending to show that it was located in the state of Virginia. We will assume, therefore, that the summons was served personally in that state. After such service it appears from the judgment roll in the partition action that the mother of Margaret Ann, with whom she lived when not away attending school, as her next friend, petitioned the court for the appointment of a guardian *ad litem* to protect her interests in the partition action. There-

upon she was appointed such guardian and gave the bond
required by the statute, and then retained one Benjamin C.
Wetmore, an attorney, who appeared in the action for Mar-
garet Ann, and interposed an answer in which he submitted
her rights and interests in the premises to the protection of
the court.    Under the provisions of section 448 of the Code
of Procedure then in force it was provided that the provisions
of the Revised Statutes relating to the partition of lands held
by joint tenants or tenants in common shall apply to actions
for such partition brought under the provisions of the Code,
so far as the same can be so applied to the substance and sub-
ject-matter of the action without regard to its form.    Under
the Revised Statutes the action was commenced by a petition
and notice but under the Code a summons and complaint were
substituted in place of the petition and notice.    The Revised
Statutes then in force pertaining to partition provided that if
any of the parties are unknown, or if either of the known par-
ties were minors or of full age residing out of the state service
could be made by publication, or " instead thereof, with respect
to *any* known absent party such petition and notice may be
served personally, out of this state, forty days previous to its
presentation without publishing the same."    (2 R. S. part 3.
ch. 5, tit. 3, § 12.)    Of course, the provisions of the Revised
Statutes are only applicable in so far as they remain unaffected
by the provisions of the Code.    If the provision with reference
to the service of known infant parties outside of the state is in
conflict with the provisions of the Code with reference to the
service of summons in partition actions, then that provision is
no longer applicable, but our attention has been called to no
provision of the Code then in force which prohibited such
service.    We, therefore, conclude that the summons and com-
plaint having taken the place of the petition and notice, the
service was regular, and that it gave the court jurisdiction.
(*Gotendorf* v. *Goldschmidt*, 83 N. Y. 110; *Ingersoll* v.
*Mangam*, 84 N. Y. 622.)

In the latter case ANDREWS, J., in delivering the opinion of
the court, says : " Infants are deemed to be wards of the

court, and when brought in by service of process the court will look after and protect their interests. But the court must first acquire jurisdiction before they are bound by its judgment. There is no invariable rule defining what legal proceedings constitute due process of law conferring jurisdiction upon a court to deal with and bind the property of infants. Notice in some form, actual or constructive, is essential, but the legislature may prescribe that such notice shall be given to the parent or guardian or other person as representing the infant, and proceedings in conformity with the statute in such cases will be valid and the infant will be bound. Under the Revised Statutes, in proceedings for partition of lands by petition, jurisdiction over the person and property of infants was acquired by the appointment of a guardian in the first instance upon notice to such infants or to their general guardian. Service of notice upon the infants was not indispensable to the exercise of the jurisdiction. (2 R. S. 317, § 2; *Croghan* v. *Livingston,* 17 N. Y. 218.) The provisions of the Revised Statutes relating to the partition of lands were, by section 448 of the Code of Procedure, made applicable to actions for partition so far as the same could be applied to the substance and subject-matter of the action without regard to form, and in *Gotendorf* v. *Goldschmidt* (83 N. Y. 110) it was held that under the provisions of the Revised Statutes and of the Code in force when that action was commenced, personal service of the summons upon an infant defendant, in an action for partition, was not essential to give the court jurisdiction."

.The original affidavit of the service of the summons was defective by reason of the omission of the jurat of the commissioner of deeds before whom it was taken, but this was subsequently cured by another affidavit which, under an order of the court, was filed *nunc pro tunc* as of the 13th day of November, 1869. The provisions of section 116 of the Code of Procedure to the effect that, in an action for partition of real property, when an infant defendant resides out of the state, or is temporarily absent therefrom, the plaintiff may

apply to the court in which the action is pending for an order designating some suitable person to be guardian of the infant defendant for the purposes of the action unless the infant defendant, or some one in his behalf within a number of days specified after the service of a copy of the order, shall procure the appointment of a guardian for the infant, has no application for the reason that the order appointing the guardian in this case was not made on the application of the plaintiff, but by the infant herself, through her mother and next friend.

The judgment, as to appellants William and James O'Donaghue, should be affirmed, and the order of the Appellate Division, as to the appeal of Margaret Ann O'Donaghue, should be affirmed, and judgment absolute ordered against her and in favor of the defendants upon her stipulation, with one bill of costs against all of the appellants.

CULLEN, Ch. J., VANN, WILLARD BARTLETT and CHASE, JJ., concur; GRAY and EDWARD T. BARTLETT, JJ., concur in result.

Judgment accordingly.