(85 App. Div. 337.)

MULLER et al. v. NAUMANN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. EJECTMENT—FORMER ADJUDICATION—MATTERS IN ISSUE—EVIDENCE.
In ejectment to recover property purchased by defendant at judgment sale, the judgment rolls in actions to set aside such judgment on the ground that it was obtained without jurisdiction and through fraud cannot be considered to establish the defense of res judicata, where the question of jurisdiction was not determined, and the actions were disposed of on the issue of fraud.

2. JUDICIAL SALE—NOTICE OF DEFECTS—EVIDENCE.

In ejectment to recover property purchased at judicial sale, evidence that defendant, being notified that the title was defective, stated he was securing a bargain, and would take the title whether or not it was good, is admissible on the question of a purchase in good faith without notice.

3. JUDGMENT—COLLATERAL ATTACK—WANT OF JURISDICTION.

Where, in ejectment to recover property devised to plaintiffs, defendants assert a judgment as divesting plaintiffs of their interest, plaintiffs may assail such judgment by showing it was obtained without jurisdiction, and was void.

4. SAME—JURISDICTIONAL DEFECTS—AMENDING JUDGMENT ROLL.

Where property is sold pursuant to a judgment, an amendment of the judgment roll after the sale by making additional findings is a jurisdictional defect, which is fatal to the judgment.

5. SAME—GUARDIAN'S RIGHT TO SUE.

The failure of a guardian to obtain the right to sue on infant's behalf, and to give the security required by statute, is a jurisdictional defect, which is fatal to the judgment.

6. SAME—RETENTION OF PURCHASE MONEY—ESTOPPEL.

Where property is sold under a judgment, void for jurisdictional defects, the judgment creditor, having obtained the purchase money, and appropriated it to his own use, is estopped to assail the validity of the judgment.

Action by Louis C. Muller and others against Henry Naumann and others. Motion for new trial on exceptions directed to be heard in the first instance by the Appellate Court. Exceptions to the direction of a verdict for plaintiffs sustained, and new trial granted.

The action is brought in ejectment to recover the possession of property and damages for its alleged unlawful retention by the defendant Naumann since 1876, the plaintiffs claiming title thereto by virtue of the will of Adam Muller, who died February 6, 1873. The testator left, him surviving, his widow, Matilda Muller, who died August 20, 1874, and four children—a daughter Bertha, who, on July 31, 1873, had married Thomas H. Young; a daughter Marie, who was also married at the testator's death to Charles Struppmann, and had three children, Augusta Struppmann, Matilda Struppmann, and Charles Struppman, Jr.; a daughter Augusta Muller, a minor, 13 years of age; and a son, Louis C. Muller, 8 years of age. For these minor children, Augusta Muller and Louis C. Muller, J. C. J. Langbein was subsequently appointed guardian. On February 7, 1874, Bertha Young died, but prior thereto had issue born alive, thus forming a basis for a claim to curtesy by her husband, Thomas Young. On June 22, 1875, Marie Struppmann died, and in that year Charles Struppman individually under claim of curtesy and as guardian of his three children brought a suit in the Superior Court against the infants Louis C. Muller and Augusta Muller and J. C. J. Langbein, asserting rights of himself and of his children in property left by Adam Muller, which rights he claimed were not recognized by the infants and their guardian, and asking for an adjudication of the various interests in the property, and a partition thereof. At the same time Thomas Young, claiming an interest in the property by curtesy, commenced an action against the various persons therein interested in the Supreme Court for the purpose of establishing his claim. In that action there was a dispute of fact as to whether or not there was issue born alive, and, although it was held on appeal that he had an interest in the property under the will, provided his child was born alive, a new trial was ordered to determine that question. Young v. Langbein, 7 Hun, 151. Thereafter, in the Struppmann action, an order was entered consolidating with that suit the Young v. Langbein action; and finally there was directed a sale of the Muller property by a referee, and in pursuance thereof the referee sold property of the estate to various per-

¶ 3. See Judgment, vol. 30, Cent. Dig. § 924.

sons, among whom was Henry Naumann, who purchased the premises here in dispute for $8,200, as the highest bidder, and received a deed of conveyance thereof from the referee. This money was distributed pro rata among all those having an interest in the property, namely, Charles Struppmann by right of curtesy and his three children as heirs, Thomas Young by right of curtesy, and to the general guardian of the two infant children of the testator, Augusta and Louis C. Muller. After the sale by the referee some of the purchasers became distrustful of the title to be given by the referee, and refused to accept their deeds, while others demanded a return of the moneys which they had advanced. Motions were accordingly made, one to compel certain purchasers to accept title, and the other to be relieved of the purchase made. Both these motions at Special Term resulted in favor of the purchasers, the court holding that the proceedings in the Struppmann action had been entirely irregular, and that the referee was without power to give title, not only because of irregularities, but because the sale was in conflict with the plain provisions of the will that the property should not be sold till the youngest child was of age. Struppmann v. Muller, 52 How. Prac. 211; Muller v. Struppmann, 55 How. Prac. 521.

In the former it was said: "It is obvious from an inspection of the record that in the conduct of this suit in behalf of the infant plaintiffs the statute has been wholly disregarded, and that none of its requirements have been observed. Proceedings for the partition and sale of the real property of the infant defendants were never authorized by the court prior to the commencement of the action, nor does the record show that it was made to appear satisfactorily to the court that the interest of the infants seised required such a partition or sale. No next friend to conduct the proceedings on the part of the infant defendants was ever appointed, nor was the security ever given or required which the statute exacts. These irregularities have in numerous cases been held fatal to the jurisdiction, and purchasers under judicial sales have frequently been discharged on these grounds. * * * Only parties who are united in interest may be joined as plaintiffs or defendants. Code, § 119. In this case the infant plaintiffs had no interest in obtaining the relief demanded by their father. They were in no respect profited by the establishment of his tenancy by the curtesy, or in the enforcement of an equitable lien for his benefit. Their interests in this respect were rather adverse to his. * * * It is worthy of remark that many of the orders and proceedings in the suit appear to have been made upon the consent of the parties, and it is well settled that no consent on behalf of infants can warrant or impart validity to judicial action." And in the latter (55 How. Prac. 521) it was said: "This court, as a court of equity, has no inherent original authority to order the sale of the real estate of infants. It proceeds, on the other hand, by virtue alone of statutory power, and consequently, when a departure is made from that authority, the court proceeds without jurisdiction, and the acts performed are necessarily void. * * * One of these restraints has been imposed upon the sale of infants' lands by a general provision of the statutes declaring that 'no real estate or term for years shall be sold, leased, or disposed of in any manner against the provisions of any last will or of any conveyance by which such estate or term was devised or granted to such infant.' * * * And all proceedings terminating in such a result must consequently be void, otherwise the court could practically repeal the statute. * * * The will under which the point arises was before the general term of this court for consideration in the case of Young v. Langbein, 7 Hun, 151, and, so far as its terms become important in the decision of this application, they will be found to be there reported. The testator, by his will, made no direct devise of his real estate, but he gave to his widow one half of its net rents, and the other half of such rents he gave to his children 'until the youngest child shall attain the age of twenty-one years, when said estate is to be divided equally among my said children absolutely in fee, forever.' * * * As to this one-half of his real estate his intent very evidently was that no division of it should be made while his youngest child remained a minor. * * * The sale made as to this one-half of the estate was unauthorized, and for that reason, without considering the other objections, the motion made to compel the purchasers to accept title must be denied.".

After the sale a motion was made to correct errors in the judgment roll and resettle the judgment which was granted, the judgment record being, as stated by an affiant, "in a terribly mixed-up, confused state, so that one not familiar with the suits would not know what it was about"; and new findings of facts and conclusions of law were filed, and decree resettled in accordance therewith. In 1880 an action was brought by Augusta Wiedersum (née Muller), Louis C. Muller, by his guardian ad litem, Charles Struppmann, Augusta and Charles Struppmann, Jr., by their guardian ad litem, against Henry Naumann and others, to set aside the judgment in Struppmann v. Muller, a conspiracy to cheat and defraud plaintiffs in the obtainment of the judgment and want of jurisdiction being alleged; but the court found that no fraud was shown, and ordered judgment for defendants, with costs. Another action was brought by Louis C. Muller, by his guardian ad litem, against Augusta Wiedersum, Augusta Struppmann, Matilda and Charles Struppmann, Jr., and Charles Struppmann, Sr., Thomas H. Young, and others, to set aside the judgment in Struppmann v. Muller so far as it adjudged any benefits to Young, because the result of a conspiracy, and obtained fraudulently and without jurisdiction; but this complaint also was dismissed, with costs. Thereafter, in 1887, Louis C. Muller having meanwhile attained majority, this action was brought by him and all others claiming title to the property by virtue of the express provisions of the will of Adam Muller; the claim of Thomas H. Young being represented by his assignee, Bertha Kilblock. Upon the trial the plaintiffs offered the will in evidence, and proved their relationship, and the situs, value, and rentals of the property, and that it had belonged to Adam Muller at his death. It was alleged and admitted in the pleadings that the defendants are in possession thereof, and assert title thereto; and Mr. Young on cross-examination testified that there has been erected upon the lot a valuable four-story brick building. The plaintiffs having rested, the defendants offered in evidence the judgment roll in the Struppmann v. Muller action brought in the Superior Court, showing the various proceedings to which we have alluded, and the sale to Henry Naumann of the property in question by the referee therein appointed. Thereafter the defendants offered in evidence the judgment roll in the action brought in 1880 to set aside the judgment entered in the Struppmann action on the ground of conspiracy and want of jurisdiction, and the roll in the action also brought to set aside that judgment so far as it awarded moneys to Thomas Young on the ground of conspiracy and want of jurisdiction; but both these judgment rolls were excluded by the trial judge as irrelevant, immaterial, and incompetent, and exceptions were duly taken by the defendants. The plaintiffs then called Thomas Young, who testified under objection and exception that on the day of the sale by the referee and subsequently he told Henry Naumann that he had better not buy the property, as he would get no title, and was merely buying a lawsuit, and Naumann replied that he had a good bargain, and was going to keep it. The court directed the jury to find a verdict that the plaintiffs are entitled to the possession of the property and to six cents damages. To this direction the defendants excepted. The exceptions were ordered to be heard in the first instance at the General Term, and after an interim of some 14 years are now brought before this court.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Thomas Nelson, for the motion.
Charles Strauss, opposed.

O'BRIEN, J. Were it not for the new trial which we think should be had in this case, and upon which many of the same questions now before us for consideration will be presented, we might content ourselves with stating one ground which is fatal to the judgment. To the end, howeve     ᵗ we may relieve the work of the trial judge, we deem it necessar_       ᵗʸ to refer to some of the other questions

presented upon this record, and which in all likelihood will again be urged upon such new trial.

The defendant, in the effort to support his title, alleged and sought to prove as a defense a former adjudication. In this connection he sought to introduce, not alone the judgment roll in the Struppmann v. Muller action in the Superior Court, under which the referee sold and the defendant purchased the property, but also the judgment rolls in two other actions which were brought to set aside such judgment. These were excluded, and, we think, properly, because to establish the defense of res adjudicata, or to take advantage of the former judgment as a bar, it is necessary that it should appear that the parties and the issues in the action were the same, and that the question which it is proposed again to litigate was necessarily involved or decided by the former judgment. These features were absent in the judgment sought to be used as a bar. Both actions were brought in the Superior Court to set aside the Struppmann v. Muller judgment upon the ground, in the first action, of fraud and conspiracy generally, and in the second action that, so far as it awarded any benefits to Thomas H. Young, it was the result of fraud or conspiracy between the attorneys. It is true that in such actions there were allegations that the Struppmann judgment was obtained without jurisdiction, and was void; but the real issue tendered and litigated and decided was fraud, and upon the ground that no fraud was shown the court dismissed the complaints without determining the other jurisdictional questions. This action in ejectment presents an entirely different issue, and it requires no extended argument to show that the two judgments in the fraud actions would have no material bearing thereon; nor did they in any way tend to prove that in one or more other actions between the same parties the validity of the Struppmann v. Muller judgment was assailed, and the decisions were adverse to the plaintiffs.

Another exception urged by the defendant was taken to a ruling admitting the testimony of Thomas Young as to his notifying the defendant Naumann before he took title that it was defective, and the latter's reply that, as he was obtaining a bargain, he would take title whether or not it was good. This evidence, we think, was properly admitted, because it is always competent to show not only constructive notice which a party gets from public records, but also actual notice which is brought home to him as to the condition of the title. Such notice has a direct bearing upon the question as to whether one has purchased in good faith without notice, which in certain contests relating to title it is material and important to show.

The further contention of the defendant that the judgment in Struppmann v. Muller is conclusive as establishing his title, and that the same cannot be attacked in this action, is equally without force. The plaintiffs having shown that under the will of their testator this property was devised to them, it was incumbent upon the defendants to establish that, pursuant to a valid judgment, the plaintiffs had been divested of their interest. And when the defendant Naumann resorted to the title which he had acquired under the Struppmann v. Muller judgment, it was competent for the plaintiffs to assail such

judgment by any evidence tending to show that it had been obtained without jurisdiction, and was consequently void. With respect, of course, to all irregularities that might have occurred in the proceedings, these would not be available, nor would they affect the validity of the judgment; but matters which related to the jurisdiction of the court over the parties or the action could be proved.

In addition to the rulings upon the admissibility of evidence upon the part of the learned trial judge, which we think were right, we are next brought to a consideration of the question which arises with respect to the validity of the judgment in Struppmann v. Muller, upon which the defendants' title rests. The plaintiffs assail this judgment upon many grounds; among others, that the Superior Court was without jurisdiction to entertain the action, and that its judgment was, therefore, void; that, the sale having been made contrary to the provisions of the will, and in violation of the provisions of 2 Rev. St. pt. 3, c. 1, tit. 2, p. 195, § 176, the judgment ordering said sale was void; that the Superior Court was without power to consolidate the action pending before it with another action (Young v. Langbein) pending in the Supreme Court; and that after the sale the court was without power to amend the judgment roll and add new findings of fact and law. In addition, we have a number of other questions which upon the record are presented as to whether or not the proceedings in the action were of a character such as to give the court jurisdiction. These relate to the failure of the plaintiff Charles Struppmann in that action to obtain leave to bring the suit on behalf of certain infants, or to proceed with it without having given security as guardian for such infants, and without its having been made to appear that the action was one for the benefit of the infants. There are thus presented questions which have been frequent of late as to the distinction in actions brought for the sale of real property between irregularities and jurisdictional defects. O'Donoghue v. Boies, 159 N. Y. 87, 53 N. E. 537; Parish v. Parish (N. Y.) 67 N. E. 298; O'Donoghue v. Smith (decided by this court, not yet officially reported) 83 N. Y. Supp. 398. Without specifically pointing all of them out, we think that some of the defects relied upon were jurisdictional, and fatal to the judgment—such as the effort to amend the judgment roll after the sale by making additional findings, and the failure of the guardian to obtain the right to sue on the infants' behalf and to give the security as required by the statute. It will be seen, therefore, that as to the force and effect to be given to the judgment in Struppmann v. Muller we have reached the same conclusion as the learned trial judge; and this would lead to an affirmance of the judgment were it not for a feature to which we have already adverted, and for which we think there should be a new trial. The report of the referee shows that after deducting expenses, general liens, incumbrances, which included a small mortgage made by the testator, and allowance to attorneys, the balance remaining in his hands was turned over to the plaintiff Charles Struppmann personally and as administrator, to Thomas Young individually and as administrator, and to the general guardian of A. and L. Muller. The question of confirming this report came on regularly before the Special Term of the Superior Court, and with

some slight modifications, to which it is unnecessary to refer, the distribution of the proceeds of the sale reported by the referee was sanctioned by the order which confirmed the referee's report. We do not see why the receipt of the defendants' money, which was paid upon the purchase of the property, even though the judgment itself may have been void, should not estop the plaintiffs, or, at least, all of them but the infants. It cannot be, to take the most striking feature of this case, that Charles Struppmann, who was the plaintiff in the action in which the judgment was obtained under which the property was sold, and who, after getting a judgment, sold the property to a stranger, will be permitted to come into court after having taken and appropriated the money to his own use, and be heard to assail the judgment which he himself procured, and in which he obtained the defendants' money.

What has been said with respect to Struppmann equally applies to Young, who had brought an action for a similar purpose, which was consolidated with the Struppmann action, and in which he obtained the defendants' money.

In regard to the payment of the general guardian of the infants, we do not see why that also was not conclusive upon such infants by way of estoppel. But, as there is to be a new trial, it is unnecessary to determine the question as to the validity of the appointment of the general guardian, the extent to which the receipt of moneys by him would bind the infants, or the extent of the pecuniary advantage which they derived from the proceeds of the sale; all of which would have a bearing upon the question of their being estopped, as these can all be left for determination upon the new trial.

Upon the ground, therefore, that as to two of those plaintiffs—Struppmann and Kilblock—they are estopped by having received upon the sale of the land the defendants' money, and should not be permitted to prosecute this action in ejectment, the exception to the direction of a verdict in plaintiffs' favor should be sustained, and the motion for a new trial granted, with costs in favor of the defendants and against the plaintiffs Struppmann and Kilblock to abide event.

VAN BRUNT, P. J., and PATTERSON, McLAUGHLIN, and O'BRIEN, JJ., concur. LAUGHLIN, J., concurs in result.